## John H. Boynton's Case.

Suffolk.    October 5, 1951. — November 29, 1951.

Present: Qua, C.J., Wilkins, Spalding, Williams, & Counihan, JJ.

*Workmen's Compensation Act,* Specific compensation.

The words "the same" in subsection (h) of G. L. (Ter. Ed.) c. 152, § 36, as appearing in St. 1949, c. 519, mean "this section" and refer to § 36 in its entirety.

Upon a finding in a workmen's compensation case that a loss by the employee of four toes of one foot by amputation was a "bodily disfigurement" within subsection (h) of G. L. (Ter. Ed.) c. 152, § 36, as appearing in St. 1949, c. 519, it was proper to award him compensation under that subsection in addition to compensation paid him under subsection (r).

The provision of subsection (h) of G. L. (Ter. Ed.) c. 152, § 36, as appearing in St. 1949, c. 519, for payment of compensation for "bodily disfigurement" is not subject to the qualification that the disfigurement must be such as to bring about a diminution of earning capacity in order to be so compensable.

An employee who lost four toes of one foot by amputation and was paid compensation under subsection (r) of G. L. (Ter. Ed.) c. 152, § 36, as appearing in St. 1949, c. 519, was not entitled also to compensation under subsection (i).

Certification to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Brogna,* J.

*W. W. Jump,* for the insurer.

*J. Bear,* (*B. A. Delaney, Jr.,* with him,) for the claimant.

Wilkins, J.    The insurer's appeal raises the issues whether an employee who was paid specific compensation for a foot injury under G. L. (Ter. Ed.) c. 152, § 36 (r), as appearing in St. 1949, c. 519, may also be awarded specific compensation for disfigurement and for loss of bodily functions under subsections (h) and (i), respectively, of the same section.

The employee, while carrying skins in an elevator from one floor to another in a building where he was employed, caught his right foot between the elevator and a floor landing. This was on June 22, 1950, and led to the amputation of four toes, the little toe remaining. Total disability compensation was paid until January 7, 1951, when the employee returned to work at his old wage. He makes no further claim for disability compensation. Specific compensation at the rate of $20 a week for 68.75 weeks was paid "for the loss of the first four toes."

The Industrial Accident Board found that the condition of the foot "following amputation of a major portion of four toes" is a bodily disfigurement under § 36 (h), for which the employee is entitled to specific compensation in addition to specific compensation paid under § 36 (r); that the disfigurement is of moderate degree; and that the employee is entitled to $20 a week for thirty-seven and one half weeks from the date of the injury, a total sum of $750. The board also found that "the employee has suffered loss of a bodily function in the impaired use of his right foot in respect of its normal use for walking, independently of employment; that the percentage loss of such bodily function amounts to 30%"; and "for such loss" under subsection (i) awarded specific compensation at $20 weekly for thirty weeks, amounting to $600. The decree in the Superior Court awarded the employee both sums.

The material portions of G. L. (Ter. Ed.) c. 152, § 36, as appearing in St. 1949, c. 519, are: "In case of the following specified injuries the sum of twenty dollars a week shall be paid, in addition to all other compensation, for the following periods: . . . (h) For bodily disfigurement the number of weeks which according to the determination of the industrial accident board is a proper and equitable compensation, not to exceed one hundred and twenty-five weeks, *which sum shall be payable in addition to all other sums under this section wherever the same shall be applicable* [emphasis supplied]. (i) For loss of bodily functions or sense other than hearing and sight the number of weeks which according to

the determination of said board is a proper and equitable compensation, not to exceed one hundred weeks. . . . (r) If the fingers, toes or other parts of the hand or foot have been severed or permanently rendered incapable of use, such period of weeks in proportion to the period applicable in the event of total loss or total loss of use of said hand or foot as the functional loss arising out of said severed or inutile part of said hand or foot bears to the total loss or loss of use of the same."

1. There was no error in the award for disfigurement. This conclusion is required by the italicized portion of subsection (h). While the ambiguity inherent in the words "the same" requires determination of a grammatical antecedent, we think that "the same" means "this section" and refers to § 36 in its entirety. It thus appears mandatory that the sum awarded for disfigurement "shall be payable in addition to all other sums under" § 36, including (r). We are unable to read into (h) a qualification that payments are allowable only where there has been a diminution of earning capacity due to disfigurement. *Federico's Case*, 283 Mass. 430, 432. *Akins's Case*, 302 Mass. 562, 564. *Gustafson's Case*, 303 Mass. 397, 398–399. *Kaczmarczyk's Case*, *ante*, 9, 12. To reach the contrary result, it is necessary to argue, as does the insurer, that the words "in addition to all other sums" add nothing. But it is rationally possible to give these words force and effect. Hence, they cannot be rejected as surplusage. *Rosenberg* v. *Robbins*, 289 Mass. 402, 411. *Hinckley* v. *Retirement Board of Gloucester*, 316 Mass. 496, 500. *Meunier's Case*, 319 Mass. 421, 423.

2. The issue presented by (i) is quite different. Here there are no mandatory words requiring payment in addition to all other payments under the section. The award under (r), moreover, is expressly based upon the proportion which "the functional loss arising out of said severed or inutile part of said . . . foot bears to the total loss or loss of use" of the foot. Under (i) the payment is to be for "loss of bodily functions." We think that these two sub-

sections refer to the same type of thing, and that in the circumstances of this case there has been a duplication in the awards which could not have been intended by the Legislature. We believe that the purpose of (i) is to provide a basis for specific compensation where there has been a loss in bodily functions in some respect in which § 36 has made no other provision for loss of function or loss of use.

It is contended on behalf of the employee that the specific award under (r) was for the loss of four toes and that the award under (i) was for the loss of bodily function in the remaining part of the foot. This seems an unwarranted refinement which overlooks the fact that under (r) where toes have been lost, the award is related directly to the total loss or loss of use of the foot. Once the functional loss in a foot after losing four toes is calculated in proportion to the total loss or loss of use of the foot, there is nothing left, in our view of the statute, upon which (i) can operate. Under (r) the loss of toes is the occasion for making the computation provided in that subsection. But when the computation is made, it is of the functional loss in the entire foot and not merely in the severed part of the foot.

3. The decree is modified by striking out the payment for loss of bodily function under (i), and as so modified is affirmed.

*So ordered.*