JOSEPH PIZZANO'S CASE.

Suffolk. April 7, 1954. — April 27, 1954.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Workmen's Compensation Act,* Specific compensation.

Under § 36 (e) of the workmen's compensation act, G. L. (Ter. Ed.) c. 152, as appearing in St. 1949, c. 519, an employee who suffered a reduction of visual acuity in one eye to 20/45 through an industrial accident was entitled to be paid specific compensation of $20 per week for such proportion of the maximum period of 200 weeks as a reduction to 20/45 bears to a reduction to 20/70, or 111 weeks, not merely for such proportion of the maximum period as a reduction to 20/45 bears to a loss of the eye or total loss of its use, or 40 weeks.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board awarding compensation under the workmen's compensation act.

The insurer appealed from a decree entered by order of *Goldberg,* J., in accordance with the board's decision.

*Thomas A. L'Esperance, Jr.,* for the insurer.

*Laurence S. Locke, (Samuel B. Horovitz* with him,) for the claimant.

RONAN, J.  This is an appeal from a decree of the Supe-
rior Court awarding specific compensation, in accordance
with the decision of the Industrial Accident Board, for in-
juries to the left eye of the employee by reason of being
struck by a steel bar which flew out of a large press machine
which he was operating.  He was paid compensation for
total disability during the three weeks he was away from
work.  The question here is what is the amount of specific
compensation that should be paid on account of the eye
injury.

The single member, whose findings and decision were
affirmed and adopted by the reviewing board, found that
the employee's visual acuity had been reduced to a ratio
of 20/45 and ordered that he be paid specific compensation
under G. L. (Ter. Ed.) c. 152, § 36 (e), as appearing in
St. 1949, c. 519, for a period of 111 weeks at $20 a week.

The insurer does not contend that the finding that there
was a reduction of vision to 20/45 was wrong.  These
figures mean that an employee twenty feet away from a
Snellen chart, so called, could read all the letters on the
20/50 line and a few of the letters on the 20/40 line, and
that he would be able to read all the letters on a 20/45 line
if the chart had such a line.  Reference to a table of figures
that is used in connection with the chart indicates that the
vision of one who has a 20/45 reading on the chart is 20%
less than normal.  The vision of one who has a 20/70 read-
ing on the chart is 36% less than normal.  The insurer
contends that under the statute,[1] as the employee has

---

[1] The statute so far as material reads as follows: "Section 36.  In case of
the following specified injuries the sum of twenty dollars a week shall be
paid, in addition to all other compensation, for the following periods: — (a)
For the loss by enucleation or otherwise, or the total loss of use of both eyes,
a period of five hundred weeks.  (b) For the reduction to twenty seventieths
of normal vision in both eyes, with glasses, a period of five hundred weeks.
(c) For the reduction to twenty seventieths of normal vision in one eye, with
glasses, a period of two hundred weeks.  (d) For the loss by enucleation or
otherwise or the total loss of use of one eye, a period of two hundred weeks.
(e) For any permanent but partial reduction in either the acuity or field of
vision of either eye, such period of weeks in proportion to the period applica-
ble in the event of total loss, total loss of use, or the reduction to twenty
seventieths of normal vision of one or both eyes as the partial reduction bears
to such total loss, total loss of use or reduction to twenty seventieths of normal
vision."

suffered only a loss of 20% or one fifth of a total or 100% loss, he is only entitled to compensation during one fifth, or 40 weeks, of the maximum period. The claimant contends that he. is entitled to compensation during such number of weeks of the maximum period of 200 weeks as 20% bears to 36%, or 111 weeks.

The statute, § 36, fixing compensation for certain injuries provides in clauses (a) and (b) for the payment of the same amounts for the loss of both eyes by enucleation or otherwise or for the total loss of the use of both eyes and for a reduction "to twenty seventieths of normal vision in both eyes, with glasses." In the case of one eye the same amount of compensation is to be awarded where there is a reduction to 20/70 of normal vision or where there is a loss by enucleation or otherwise or a total loss of its use. In other words, the reduction of vision to 20/70 is considered as equivalent to the removal or total loss of use in determining specific compensation where both eyes or only one eye is involved. Compensation is to be the same where there is a reduction of vision to the extent just stated or a removal of the eye or a total loss of its use. These three bases are considered with equality in clause (e) dealing with any permanent but partial reduction in the acuity or field of vision of either eye. Compensation is to be paid for "such period of weeks in proportion to the period applicable in the event of total loss, total loss of use, or the reduction to twenty seventieths of normal vision of one or both eyes as the partial reduction bears to such total loss, total loss of use or reduction to twenty seventieths of normal vision." It is plain that where there is a reduction of vision, as here, less than to 20/70, the employee should be paid at the rate of $20 a week for such proportion of 200 weeks as 20/45 bears to 20/70.

The legislative history of the provisions of the workmen's compensation law manifests a strong tendency to liberalize those portions dealing with eye injuries. The original act, St. 1911, c. 751, Part II, § 11, provided specific compensation "For . . . the entire and irrecoverable loss of the

sight" of both eyes (clause [a]) and for the loss of sight of either eye (clause [b]).  Statute 1912, c. 571, § 2, provided compensation for the reduction of vision in either or both eyes to one tenth of normal with glasses.  Statute 1928, c. 356, substituted a new section and provided specific compensation "For the reduction to twenty seventieths of normal vision" in both eyes or either eye with glasses — a visual acuity which has generally come to be known as "industrial blindness."  The latest amendment, St. 1949, c. 519, goes a step farther and allows specific compensation in cases of a reduction to 20/45, like the present, for such proportion of the maximum period as that reduction bears to a reduction to 20/70.

Nothing here said is inconsistent with anything decided in *Robinson's Case*, 320 Mass. 698, for one reason, among others, because the statute in that case, G. L. (Ter. Ed.) c. 152, § 36 (f), as appearing in St. 1935, c. 333, made no provision for compensation where the employee was suffering from a reduction of vision to 20/70 prior to the time of the injury.

It follows that the decree of the Superior Court is affirmed.  Costs under G. L. (Ter. Ed.) c. 152, § 11A, inserted by St. 1945, c. 444, as amended by St. 1949, c. 372, shall be allowed by the single justice.

*So ordered.*