ALBERT COHEN'S CASE.

Suffolk.    February 9, 1956. — May 8, 1956.

Present: QUA, C.J., RONAN, SPALDING, COUNIHAN, & WHITTEMORE, JJ.

*Workmen's Compensation Act,* Specific compensation.

Under subsection (i) of § 36 of the workmen's compensation act, G. L.
(Ter. Ed.) c. 152, as appearing in St. 1952, c. 60, an employee who
suffered losses of several bodily functions or sense other than hearing
and sight was entitled to a single award of specific compensation not
exceeding $2,000 for all such losses lumped together as a class and
not to an award not exceeding $2,000 for each loss evaluated sepa-
rately.

CERTIFICATION to the Superior Court of a decision by
the Industrial Accident Board awarding compensation under
the workmen's compensation act.

The claimant appealed from a decree entered by order of
*Goldberg,* J., in accordance with the board's decision.

*Philip D. Epstein, (Alphonse S. Bachorowski & Marvin
Milton* with him,) for the claimant.

*George J. Ferguson, Jr.,* for the insurer.

RONAN, J.   The employee fell down an elevator shaft on
June 19, 1952, and sustained serious and multiple injuries
for which he is being paid compensation under the work-
men's compensation act.   He brings the present proceeding
to obtain specific compensation for the particular injuries
he incurred at the time of his accident.   He was awarded
specific compensation under the different subsections of G. L.
(Ter. Ed.) c. 152, § 36, as appearing in St. 1949, c. 519, as
amended by St. 1952, cc. 60, 84, as follows: subsections (n)
and (q) (right leg, one hundred thirty weeks, $2,600); sub-
sections (n) and (q) (left leg, seventeen and one half weeks,
$350); subsections (k) and (q) (right arm, minor, one hun-
dred thirty weeks, $2,6 0); subsections (j) and (q) (left
arm, major, thirty-seven and one half weeks, $750); sub-

section (h) (bodily disfigurement, thirty-seven and one half weeks, $750); subsection (i) (loss of bodily functions or sense other than hearing and sight $2,000) or a total award of $9,050.

The employee contends that it was found that he had suffered a permanent and partial loss of ability to defecate and a major loss of the function of urination, a loss of sexual function, and also a permanent and partial loss of the use of his neck together with an impairment of his sense of balance, for which a single award totaling $2,000 was made, and that he was entitled to have these various ailments evaluated separately and single awards not exceeding $2,000 each made for each one. We do not agree. Subsection (i) of § 36 of the workmen's compensation act as appearing in St. 1952, c. 60, in effect at the time of the accident, reads as follows: "(i) For loss of bodily functions or sense other than hearing and sight the number of weeks which, according to the determination of said board, reviewing board or single member, is a proper and equitable compensation, not to exceed one hundred weeks."

The structure of § 36 plainly indicates the meaning of its subsections with relation to each other and also the meaning of each one considered alone. It expressly prohibits the application of subsection (i), the subsection now in question, to injuries involving loss of sight or of hearing, and the section permits the application of subsection (h) dealing with disfigurement "in addition to all other sums under this section wherever the same shall be applicable." Subsection (i) does not deal with a single ailment but groups together all ailments in the nature of loss of functions or sense in one class and fixes a maximum amount to be awarded for the entire class irrespective of the number or nature of ailments of the kind described. There was no error in lumping the loss of functions and of sense and making a single maximum award of damages under subsection (i) of § 36. *Robinson's Case*, 320 Mass. 698. *Boynton's Case*, 328 Mass. 145. *Morley's Case*, 328 Mass. 148.

The decree is affirmed.

*So ordered.*