## WILLIAM F. GREEN'S CASE.

Berkshire.   September 18, 1956. — January 16, 1957.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, &
WHITTEMORE, JJ.

*Workmen's Compensation Act,* Specific compensation.   *Words,* "By
enucleation."

An employee who through injury in 1945 suffered a reduction in vision in
one eye to 20/200 and became entitled to specific compensation under
§ 36 (f) of the workmen's compensation act, G. L. (Ter. Ed.) c. 152,
as then in force, was not entitled, upon suffering further injury to and
consequent enucleation of the same eye in 1951, to additional specific
compensation under § 36 (d) as appearing in St. 1949, c. 519.

CERTIFICATION to the Superior Court of a decision by the
Industrial Accident Board under the workmen's compensation act.

The case was heard by *Paquet,* J.

*John N. Alberti,* (*Andrea F. Nuciforo* with him,) for the
claimant.

*Francis X. Burns,* for the insurer.

WILLIAMS, J.   The employee claims compensation for
disability resulting from two injuries, one incurred in 1945
while working for the General Electric Company and one in
1951 while working for the city of Pittsfield.   The reviewing
board found that on February 26, 1945, while employed by
the General Electric Company the employee received an
injury to his right eye from the flash of an electric arc and
that the injury resulted in a reduction in vision in the eye,
which previously had been injured, from 20/40 to 20/200.
It found that he was totally incapacitated for seven weeks
and was entitled to incapacity compensation amounting to
$140, and specific compensation for the reduction of vision
to 20/70 of normal vision under G. L. (Ter. Ed.) c. 152,
§ 36 (f), as it read on the date of the injury, amounting to

$500. It found that subsequent to this injury the employee had no vision in the right eye and that on October 15, 1951, while employed by the city of Pittsfield he suffered a compensable injury to the same eye which resulted in its enucleation. There was subsequent disfigurement through the necessary use of an artificial eye. At the time of this injury § 36 had been substantially revised by St. 1949, c. 519. As revised it contained numerous subsections lettered from (a) to (r) inclusive, relating to compensation for specified injuries. The former subsection (f) was retained as subsection (c), but with the amount of compensation increased to $20 a week for two hundred weeks. Subsection (d) provided for payment of compensation in the same amount and for the same period as in (c) "For the loss by enucleation or otherwise or the total loss of use of one eye." Subsection (e) provided for payment of compensation in the same weekly amount "For any permanent but partial reduction in either the acuity or field of vision of either eye, [for] such period of weeks in proportion to the period applicable in the event of total loss, total loss of use, or the reduction to twenty seventieths of normal vision of one or both eyes as the partial reduction bears to such total loss, total loss of use or reduction to twenty seventieths of normal vision." Subsection (h) provided compensation for bodily disfigurement. The board awarded specific compensation under subsection (d) for the enucleation of the employee's eye at the rate of $20 per week for two hundred weeks and specific compensation for bodily disfigurement under (h) in the amount of $1,250. Payments were ordered to be made by the respective insurers in accordance with the awards.

On presentation of the record to the Superior Court a decree was entered in accordance with the findings and orders of the Industrial Accident Board except that the employee's claim for specific compensation for the loss of his eye by enucleation was ordered dismissed. The case is here on the employee's appeal from the decree, the sole issue being his right under (d) to specific compensation for the loss of his eye by enucleation. It is his contention that

although by the decree he is to receive specific compensation for the 1945 injury to his eye in the amount provided by § 36 as it read at the time of that injury, he is, by reason of the 1949 amendment, entitled under (d) to additional specific compensation for the enucleation of his eye following the 1951 injury.

It is the general policy of the law to deny double recovery for the same injury or loss. *Pierce's Case,* 325 Mass. 649, 658–659, and cases cited. See *Schenck's Case,* 293 Mass. 526, 529–530. In *Boynton's Case,* 328 Mass. 145, where specific compensation had been awarded for loss of toes (§ 36 [r]) and in *Morley's Case,* 328 Mass. 148, where specific compensation had been awarded for the complete loss of use of a hand (§ 36 [q]) we held that the respective claimants were not entitled to additional specific compensation for loss of bodily functions (§ 36 [i]). On the authority of these decisions it is plain that if the employee in the instant case recovered specific compensation for the enucleation of his eye he could not recover additional specific compensation for the total loss of its use or for the reduction in its vision to 20/70 of normal.

In determining the amount of specific compensation payable under the act reduction of vision to 20/70 of normal is considered as the equivalent of the removal or total loss of use of the eye. *Pizzano's Case,* 331 Mass. 380, 382. The amount of compensation provided in such case is not only the same as that payable for loss of an eye or for total loss of its use but is also made a standard for determining the proportional compensation payable for partial reduction in vision. Doubtless the reason for uniformity in the prescribed payments for reduction of vision, loss of the eye and loss of its use is that in all of these instances the effect on the employee is essentially the same, namely, blindness. The reduction in vision to 20/70 of normal results in a condition known as "industrial blindness." *Pizzano's Case, supra,* page 383. In the present case the removal of the employee's eye by enucleation resulted in no additional incapacity for labor, except for the disfigurement, and for that

he is given compensation. He has been fully compensated for the injury incurred in 1945, which caused his blindness, in accordance with the statute then in force and further payment for the surgical removal of the blind eye would result in double compensation for the same loss. We think that the words "by enucleation" are merely descriptive of a means by which the total loss of sight may be effected (see *Morrison's Case*, 332 Mass. 658) and after an award of compensation for such loss are not intended to authorize the payment of further specific compensation.

*Decree affirmed.*