ALFRED LEVEILLE'S CASE.

Suffolk.   December 6, 1967. — February 9, 1968.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL,
& REARDON, JJ.

*Workmen's Compensation Act*, Special fund, Reimbursement of insurer.
*Words*, "Permanent incapacity."

A finding in a workmen's compensation case that an employee who,
within G. L. c. 152, § 37, had suffered permanent incapacity of his left
hand from an industrial accident subsequently incurred permanent
incapacity of his right hand from a later industrial accident was not
warranted where it appeared that the second injury to the employee
left him with his right hand substantially but not completely disabled;
and the insurer which paid compensation to the employee for his second
injury was not entitled to fifty percent reimbursement from the special
fund established by § 65.

CERTIFICATION to the Superior Court of a decision by the
Industrial Accident Board under the Workmen's Compen-
sation Act.

The case was heard by *Chmielinski*, J.

*Leonard Glazer*, Special Assistant Attorney General, for
the Commonwealth.

*Joseph F. Fidler, Jr.*, for the insurer.

REARDON, J.   This is a petition for reimbursement under
G. L. c. 152, §§ 37 and 65, brought by the Liberty Mutual
Insurance Company (Insurer) before the Industrial Accident
Board (Board).   The Commonwealth appeals from a final
decree of the Superior Court ordering the State Treasurer
to reimburse the Insurer in the sum of $5,345.22 from the
special fund established under G. L. c. 152, § 65, in accord-
ance with the decision of the Board.

The petition alleged that the employee while employed
on November 7, 1960, sustained a compensable injury con-
sisting of "fractures of the right thumb and right ring finger
and crushing injury involving the right thumb, index,

middle, ring and little fingers." It also described a previous injury which "resulted in the permanent incapacity of the left hand equivalent to the loss of said hand at the wrist." The matter was reported by the single member to the Board. In the report of the evidence to the Board the single member stated that the employee had in 1951 sustained an industrial injury to his left hand for which he was paid workmen's compensation benefits by another insurer on the basis that he "was left with 70% permanent loss of normal function" and that a recent impartial examination had indicated that he had an eighty per cent permanent loss of function of this hand. In 1960 he suffered injury to his right hand "for which he is continuing to receive workmen's compensation benefits" from the Insurer and "[i]t is represented that as a result of this industrial injury . . . the employee is left with 50% loss of function in his right major." The Board in its decision ordering payment to the Insurer found "that this employee is left with approximately 80% loss of normal function of his left minor hand, as a result of his first industrial injury in September, 1951; that this loss, in accordance with the medical opinion and evaluation of Dr. Roger T. Doyle, is tantamount to the total loss of normal use of that hand. The Board further finds that as a result of his second industrial injury in November, 1960, to his right hand, that the employee has incurred the permanent loss of at least 50% of normal function to this hand. In consideration of these serious, extensive and permanent losses of function, which the employee has suffered in both hands, the Board finds that this employee has incurred such further disability by the permanent incapacity of his right hand that, as a consequence thereof, and as provided by the terms and intent of said Section 37, the insurer is entitled to the reimbursement which it herein seeks."

General Laws c. 152 reads in pertinent part as follows: "Section 37. Whenever an employee who has previously suffered a physical impairment resulting in the loss by severance, or the permanent incapacity, of one hand at or above the wrist or one foot at or above the ankle, or the

reduction to twenty seventieths of normal vision of one eye with glasses, incurs further disability by the loss or permanent incapacity of a hand or foot or the reduction to twenty seventieths of normal vision in an eye, by reason of a personal injury for which compensation is required by this chapter, he, or his dependent, if death results from the injury, shall be paid the compensation provided for by sections thirty-one, thirty-two, thirty-four, thirty-four A, thirty-five or thirty-five A, in the following manner: Such compensation shall be paid by the insurer, . . . who shall be reimbursed for fifty per cent thereof by the state treasurer from the fund established by section sixty-five; but the additional compensation required by section thirty-six shall be paid by the insurer. The word 'compensation' as used in this section for the purposes of reimbursement hereunder shall include also payments for medical and hospital services within the meaning of section thirty."

The Commonwealth concedes that the employee's earlier injury resulted in permanent incapacity to the left hand within the meaning of § 37, and the issue for decision is whether by his 1960 injury he incurred that further disability by permanent incapacity in the right hand which would warrant payment to the Insurer under § 65.

The Commonwealth argues that prior to reimbursement under § 37 there must be a showing that the normal use of the hand is entirely lost, and makes reference to one of the medical reports which states that the employee has some gripping ability of both small and large objects, has approximately fifty per cent loss of function of the right major hand and moderate disfigurement, and is disabled "for anything except light work at this time."

This is not a case for reimbursement under the statute. The second injury to the employee left him with a hand substantially but not completely disabled. The language of the petition is a recognition of this fact. The Commonwealth has correctly pointed out that while over the years there have been amendments to § 36 providing for payments based on the proportion that a functional loss bears to

total functional loss of the member, no similar amendment has been made to § 37 which might serve to broaden the term "permanent incapacity." See St. 1949, c. 519, and St. 1952, c. 84. This view of the statute accords with *Henderson's Case*, 349 Mass. 683, and cases cited therein at page 685. We are also inclined to agree with that portion of the Commonwealth's argument to the effect that allowance of reimbursement on the facts of this case would be to establish a standard in incidents of injury to a hand or a foot considerably broader than that applied by the statute to eye injuries. We have previously recognized that the legislative history of c. 152 "manifests a strong tendency to liberalize those portions dealing with eye injuries. . . ." *Pizzano's Case*, 331 Mass. 380, 382.

In *Fallon's Case*, 322 Mass. 61, we made reference to the report of the special recess commission on workmen's compensation (1919 Senate Doc. No. 334, pages 12–16, 48), the recommendations of which led to the passage of St. 1919, c. 272, § 2, the predecessor statute to § 37. That commission, as was evident in its report, was concerned with the cases of those employees who sustained for a second time an injury "equivalent to or greater than the loss of an eye, hand, arm, foot or leg." Since an interpretation consistent with the aim of the Insurer in this case would serve to place an added burden on the fund provided under § 65, of which the Commonwealth is in effect trustee, it is our view that if the meaning of § 37 is to be widened to admit the Insurer's claim action should be legislative and not judicial. The decree is reversed and a new decree is to enter dismissing the petition.

*So ordered.*