THE STATE EX REL. OSBORNE, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Osborne v. Indus. Comm.* (1995), 72 Ohio St.3d 104.]

(No. 93–2366—Submitted February 21, 1995—Decided April 26, 1995.) ·

*Raymond J. Tisone & Associates* and *Raymond J. Tisone,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Diane M. Meftah,* Assistant Attorney General, for appellee Industrial Commission.

*Letson, Griffith, Woodall & Lavelle Co., L.P.A., Lynn B. Griffith III* and *Edward L. Lavelle,* for appellee General Motors Corporation.

---

*Per Curiam.* R.C. 4123.57(B) establishes a compensation schedule for claimants who sustain the "loss" of an enumerated body part. "Loss" is not confined to amputation. A "total and permanent loss of use" also constitutes a compensable "loss." *State ex rel. Walker v. Indus. Comm.* (1979), 58 Ohio St.2d 402, 12 O.O.3d 347, 390 N.E.2d 1190, syllabus. Claimant argues that ankylosis, as a matter of law, constitutes "loss of use," and entitles her to R.C. 4123.57(B) compensation. Evidently, claimant's position rests on the following statutory passage:

"For ankylosis (total stiffness of) or contractures (due to scars or injuries) which makes any of the fingers, thumbs, or parts of either useless, the same number of weeks apply to the members or parts thereof as given for the loss thereof."

Claimant's theory disregards the express parameters of the cited paragraph. The provision speaks exclusively to fingers and thumbs, not toes—the body part currently at issue. No equivalent directive accompanies R.C. 4123.57(B)'s discussion of toe loss. This led the appellate court to properly conclude:

"It is clear that the legislature intended to treat ankylosis of the toes differently from ankylosis of the fingers. The same, moreover, is a reasonable distinction given the different functions of the referenced digits."

Accordingly, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.