[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 104.]

THE STATE EX REL. OSBORNE, APPELLANT, *v.* INDUSTRIAL COMMISSION OF

OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Osborne v. Indus. Comm*., 1995-Ohio-151.]

*Workers' compensation—Partial disability compensation—Ankylosis of the toes not compensable under R.C. 4123.57(B).*

(No. 93-2366—Submitted February 21, 1995—Decided April 26, 1995.)

APPEAL from the Court of Appeals for Franklin County, No. 92AP-1597.

————————————

{¶ 1} Appellant-claimant, Joan Osborne, injured the toes of her right foot in May 1979, while in the course of and arising from her employment with appellee General Motors Corporation, BOC Group. Her workers' compensation claim was allowed. Eleven years later, she filed a motion with appellee Industrial Commission of Ohio for scheduled-loss compensation under R.C. 4123.57(B) (formerly R.C. 4123.57[C]) for her four toes. The commission denied the motion and that denial was administratively affirmed.

{¶ 2} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying her motion. The court of appeals denied the writ.

{¶ 3} This cause is now before this court upon appeal as of right.

————————————

*Raymond J. Tisone & Associates* and *Raymond J. Tisone*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Diane M. Meftah*, Assistant Attorney General, for appellee Industrial Commission.

*Letson, Griffith, Woodall & Lavelle Co., L.P.A., Lynn B. Griffith III* and *Edward L. Lavelle*, for appellee General Motors Corporation.

————————————

*Per Curiam.*

{¶ 4} R.C. 4123.57(B) establishes a compensation schedule for claimants who sustain the "loss" of an enumerated body part. "Loss" is not confined to amputation. A "total and permanent loss of use" also constitutes a compensable "loss." *State ex rel. Walker v. Indus. Comm.* (1979), 58 Ohio St.2d 402, 12 O.O.3d 347, 390 N.E.2d 1190, syllabus. Claimant argues that ankylosis, as a matter of law, constitutes "loss of use," and entitles her to R.C. 4123.57(B) compensation. Evidently, claimant's position rests on the following statutory passage:

"For ankylosis (total stiffness of) or contractures (due to scars or injuries) which makes any of the fingers, thumbs, or parts of either useless, the same number of weeks apply to the members or parts thereof as given for the loss thereof."

{¶ 5} Claimant's theory disregards the express parameters of the cited paragraph. The provision speaks exclusively to fingers and thumbs, not toes—the body part currently at issue. No equivalent directive accompanies R.C. 4123.57(B)'s discussion of toe loss. This led the appellate court to properly conclude:

"It is clear that the legislature intended to treat ankylosis of the toes differently from ankylosis of the fingers. The same, moreover, is a reasonable distinction given the different functions of the referenced digits."

{¶ 6} Accordingly, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

———————————