[Cite as *State ex rel. Miller v. Armstrong Air Conditioning*, 90 Ohio St.3d 434, 2000-Ohio-189.]

THE STATE EX REL. MILLER, APPELLEE, *v*. ARMSTRONG AIR CONDITIONING ET AL.;

INDUSTRIAL COMMISSION OF OHIO, APPELLANT.

[Cite as *State ex rel. Miller v. Armstrong Air Conditioning* (2000), 90 Ohio St.3d

434.]

*Workers' compensation — Scheduled-loss award — Claimant with ankylosed*

*toes is neither automatically guaranteed nor automatically disqualified*

*from an award — Entitlement hinges on total loss of use of affected toe.*

(No. 99-772 — Submitted October 10, 2000 — Decided December 27, 2000.)

APPEAL from the Court of Appeals for Franklin County, No. 98AP-221.

Appellee-claimant, Ernest L. Miller, severely hurt his right foot in a 1994 industrial accident, and a workers' compensation claim was allowed. Most of the subsequently examining physicians found some ankylosis of claimant's great toe as a result of the accident. Two doctors found a total loss of use of the toe, two found a partial loss, and one did not address the issue.

On January 4, 1996, claimant moved appellant, Industrial Commission of Ohio, for a scheduled-loss award under R.C. 4123.57(B). Both district and staff hearing officers granted the motion. The commission, however, vacated the award and denied compensation. In a lengthy order, the commission concluded that *State*

*ex rel. Osborne v. Indus. Comm.* (1995), 72 Ohio St.3d 104, 647 N.E.2d 798, foreclosed R.C. 4123.57(B) compensation to claimants whose request for compensation was based on ankylosed toes. Therefore, because the present claimant could not establish a total loss of use of his right great toe independent of the ankylosis, he could not receive compensation.

Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying compensation. Splitting two to one, the court of appeals agreed, finding that the commission had misinterpreted *Osborne*. The majority accordingly vacated the order and ordered the commission to further consider the claim.

This cause is now before this court upon an appeal as of right.

————————————

*Dean G. Reinhard Co., L.P.A.,* and *Philip J. Gauer;* and *Robert C. Egger*, for appellee.

*Betty D. Montgomery*, Attorney General, and *C. Bradley Howenstein*, Assistant Attorney General, for appellant.

————————————

***Per Curiam***. Among the types of partial-disability compensation available under R.C. 4123.57 is a scheduled-loss award. Under R.C. 4123.57(B),[1] the loss of a body part requires compensation for a designated number of weeks. "Loss" is

not confined to amputation. *State ex rel. Walker v. Indus. Comm.* (1979), 58 Ohio St.2d 402, 12 O.O.3d 347, 390 N.E.2d 1190. A claimant may also recover for the total loss of use of an enumerated body member. Toward this end, the statute has specific provisions for fingers, which state:

"For ankylosis (total stiffness of) or contractures (due to scars or injuries) which makes [*sic*] any of the fingers, thumbs, or parts of either useless, the same number of weeks apply [*sic*] to the members or parts thereof as given for the loss thereof."

Toes, rather than fingers, are at issue currently, yet this provision anchors our controversy via our earlier decision in *Osborne*. Claimant argues that under *Osborne*, a claimant with ankylosed toes is neither automatically guaranteed nor automatically disqualified from an award. According to claimant, entitlement instead hinges on a total loss of use of the affected toe. The commission, on the other hand, interprets *Osborne* as excluding claimants with ankylosed toes from eligibility for compensation. We find claimant's position to be more persuasive.

In *Osborne*, the claimant sought a scheduled-loss award for four toes, arguing that "ankylosis, *as a matter of law*, constitutes 'loss of use' and entitles her to R.C. 4123.57(B) compensation." (Emphasis added.) *Id.*, 72 Ohio St.3d at 106, 647 N.E.2d at 799. Claimant premised her position on the previously quoted language from R.C. 4123.57(B). We rejected her argument, writing:

3

"Claimant's theory disregards the express parameters of the cited paragraph. The provision speaks exclusively to fingers and thumbs, not toes — the body part currently at issue. No equivalent directive accompanies R.C. 4123.57(B)'s discussion of toe loss. This led the appellate court to properly conclude:

" 'It is clear that the legislature intended to treat ankylosis of the toes differently from ankylosis of the fingers. The same, moreover, is a reasonable distinction given the different functions of the referenced digits.' " *Id*. at 105-106, 647 N.E.2d at 799.

The court of appeals in the present case focused on the phrase "as a matter of law." The majority, through the magistrate, equated the phrase with "automatically" and concluded that *Osborne* prohibited only an *automatic* award to claimants with ankylosed toes. The dissent, on the other hand, viewed the phrase as meaningless and the prohibition as complete.

We favor the majority's interpretation. To rule otherwise would in effect disqualify any claimant with ankylosis of the toes from consideration for a scheduled-loss award. It is difficult to imagine that the General Assembly would decree that a condition (ankylosis) that arose *from* the injury would, in turn, prevent the claimant from receiving scheduled-loss compensation *for* the injury. We agree that a claimant with ankylosed toes must still prove that the ankylosis

4

causes a total loss of use.  We simply do not agree that the mere presence of a particular injury-induced condition automatically forecloses compensation.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

**FOOTNOTE:**

1.     Formerly R.C. 4123.57(C).