## Thomas Morley's Case.

Suffolk.     October 4, 5, 1951. — November 29, 1951.

Present: Qua, C.J., Wilkins, Spalding, Williams, & Counihan JJ.

*Workmen's Compensation Act*, Specific compensation. *Constitutional Law*, Due process of law.

Upon a finding in a workmen's compensation case that the employee suffered a "severe disfigurement" through a loss of fingers, thumb and palm of his right hand so great as to render the hand useless and through scars on his abdomen and thighs resulting from the performance of a graft of the hand, it was proper to award him compensation

under subsection (h) of G. L. (Ter. Ed.) c. 152, § 36, as appearing in St. 1949, c. 519, in addition to compensation paid him under subsection (q).

An award of compensation to an employee under both subsection (q) and subsection (h) of G. L. (Ter. Ed.) c. 152, § 36, as appearing in St. 1949, c. 519, did not violate the insurer's rights under the Fourteenth Amendment to the Federal Constitution.

An employee who suffered a loss of fingers, thumb and palm of his right hand so great as to render the hand useless and who was paid compensation under subsection (q) of G. L. (Ter. Ed.) c. 152, § 36, as appearing in St. 1949, c. 519, was not entitled also to compensation under subsection (i).

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Baker, J.*

*E. E. Andrews,* for the insurer.

*W. I. Badger, Jr., (W. H. Ford, Jr.,* with him,) for the claimant.

WILKINS, J. The principal issues in the insurer's appeal are similar to those in *Boynton's Case, ante,* 145. The employee, in addition to total incapacity compensation, has been receiving specific compensation for a hand injury under G. L. (Ter. Ed.) c. 152, § 36 (q),[1] as appearing in St. 1949, c. 519, by a decree of the Superior Court, which is not in dispute. The full Industrial Accident Board, to which the questions were referred by the reviewing board, awarded, in addition, specific compensation for disfigurement and for loss of function of the hand under (h) and (i) respectively.

In the report of the single member, which was adopted by the reviewing board, it appears that the employee already had a crippled left arm due to poliomyelitis. On July 26, 1950, he caught his right hand in a grinding machine, on which he was working for his employer. In consequence, he sustained the loss of the third, fourth, and fifth

---

[1] In the decision of the Industrial Accident Board and in the decree of the Superior Court there is a reference to the previous award of specific compensation as having been made under (l). This must have been an inadvertence. Subsection (l) reads: "For loss by severance of the right or major hand at the wrist, a period of one hundred and twenty-five weeks."

fingers at the metacarpal joints, the distal joints of the index finger, all of the thumb except the base of the proximal phalanx, and all of the palm; and he lost the use of his right or major hand for all practical purposes.

The decision of the Industrial Accident Board contains the following: The "employee has a pedicle or flap graft of the hand. Since the donor sites of the graft were the right upper abdomen and both thighs, there have resulted a scar three by four inches on the abdomen, a scar four by three inches on the right thigh, and two parallel scars about four by one inches on the left thigh. The above described scars together with the absence of the right hand constitute a severe disfigurement and it is such as to entitle the employee to the award of 65% under subsection (h) of § 36, or compensation at the rate of $20 weekly for eighty-one and one fourth weeks. Further adopting the opinion of Dr. Dunphy, the board find that as result of the injury the employee has a hand without fingers and has sustained complete loss of function of said hand. He is therefore entitled to 65% loss of function under subsection (i) of § 36, or $20 weekly for a period of 65 weeks. The insurer is ordered to pay the employee the total sum of $2,925, as specific compensation due him under subsections (h) and (i) of § 36," to be made at the rate of $20 weekly at the expiration of the weekly specific compensation already awarded under (q). The decree of the Superior Court ordered payments to be made in accordance with the decision of the Industrial Accident Board.

1. There was no error with respect to the specific compensation for disfigurement under (h). *Boynton's Case, ante,* 145, 147.

There is nothing in the insurer's intimation, made without supporting authority, that this interpretation causes it "to be taxed twice" for the same injury, and so is in violation of the Fourteenth Amendment to the Constitution of the United States.

Certain other contentions of the insurer may be briefly mentioned. There is no lack of sufficient findings as to the

graft wounds. These findings are definite enough, and the board could take them into consideration in the award for disfigurement. No harm resulted from the finding "the above described scars together with the absence of the right hand constitute a severe disfigurement." While the hand is not absent, it is useless. As pointed out below, a useless hand under (q) is given the same compensation as a severed hand under (l). Besides, the board had already described the injuries to the hand with great particularity.

2. The issue under (i) differs from *Boynton's Case* in that specific compensation for the loss of use of the hand is under (q) and not (r). Under (q) the conditions for the award of specific compensation are: "If the member, whether leg, foot, arm or hand, is not lost by severance, but is so injured as to be permanently incapable of use, for the same number of weeks as though it were severed." The purpose of this subsection is to treat a useless hand on an equal basis with a lost hand. While its language necessarily varies to some extent from that of (r), what we said in *Boynton's Case* at page 148 is equally applicable here. We think that the Legislature did not intend to provide specific compensation for a lost hand under (l) or a totally useless hand under (q), and then to allow in addition an amount for a loss of function of the hand under (i).

3. The decree is modified by striking out the amount awarded for loss of function of the hand under (i), and, as so modified, is affirmed.

*So ordered.*