THE STATE, EX REL. GASSMANN, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, ET AL., APPELLEES.

(No. 74-339—Decided February 5, 1975.)

Messrs. Crane & Heltzel, Mr. Robert R. Crane and Mr. Thomas E. Berridge, for appellant.

Mr. William J. Brown, attorney general, Mr. Michael J. Hickey and Mr. James R. Piercy, for appellees.

PAUL W. BROWN, J. Relator was injured in the course of his employment, and, as a result, has been totally and permanently paralyzed from the waist down. This court must determine whether such injury constitutes a "loss" within the meaning of R. C. 4123.58, for which permanent total disability compensation must be awarded.

At all times pertinent to this action, R. C. 4123.58, without substantial change, provided:

"In cases of permanent total disability, the employee shall receive an award to continue until his death * * *.

"The loss of both hands or both arms, or both feet or both legs, or both eyes, or any two thereof, constitutes total and permanent disability, to be compensated according to this section."

If the loss of one's legs, within the meaning of R. C. 4123.58, includes only loss by severance, then the commission's termination of relator's compensation for permanent total disability was proper. If, on the other hand, such a loss includes both loss by severance and loss of use, relator is entitled to compensation for permanent total disability. A mandatory writ may issue against the Industrial Commission if the commission has incorrectly interpreted Ohio law. State, ex rel. Breidigan, v. Indus. Comm. (1942), 36 Ohio Law Abs. 160.

In denying relator compensation for permanent total disability, the Court of Appeals relied upon State, ex rel. Bohan, v. Indus. Comm. (1946), 146 Ohio St. 618. In that

case, an employee sustained the total and permanent loss of use of his right hand, and sought partial disability compensation under G. C. 1465-80 (now R. C. 4123.57). In denying compensation for the "loss of a hand," this court declared that a "loss," within the meaning of G. C. 1465-80, meant "loss by severance and not the loss of use of such members."

However, our holding in *Bohan* is not dispositive of the present case. G. C. 1465-80 provided compensation for partial disability, not permanent total disability. Further, the court in *Bohan* placed considerable emphasis on the language and legislative history of G. C. 1465-80, a language and history not applicable when analyzing R. C. 4123.58.* To allow the holding in *Bohan* to determine our interpretation of R. C. 4123.58 would seem particularly inappropriate.

Relator has also cited *State, ex rel. Holdridge, v. Indus. Comm.* (1967), 11 Ohio St. 2d 175. That case held a 1959 amendment to R. C. 4123.58 (128 Ohio Laws 743, 762) to be remedial, not substantive, and failed to directly rule on the meaning of "loss" as contained in that section. However, the facts in *Holdridge* seem to indicate the loss of

---

*In general, G. C. 1465-80 (now R. C. 4123.57) provided partial disability compensation for the fractional loss of certain members of the body—a finger, a thumb, a hand, an arm, etc. One of the scheduled losses provided compensation for the "loss of an eye." In 1931 (114 Ohio Laws 26, 34) this language was amended to read "loss of the sight of an eye." In *Bohan* the court, at page 622, construed such change as evidence of "a clear and discriminating appreciation of the significance of the difference in meaning between the 'loss' and the 'loss of the use' of the different members of the body."

The court also noted a provision providing compensation for ankylosis of contractures "which makes any of the fingers, thumbs or parts of either more than useless."

Unlike G. C. 1465-80, R. C. 4123.58 contains no language with regard to fractional losses of members of the body. The 1931 amendment, with regard to the loss of an eye, did not affect G. C. 1465-81 (now R. C. 4123.58). Rather, G. C. 1465-81 continued to provide compensation until death for the "loss of * * * both eyes" or other such serious injuries. R. C. 4123.58 contains none of the language, and has none of the legislative history, which the court in *Bohan* deemed significant.

sight in both eyes, as opposed to the loss of both eyes themselves, was sufficient to justify a finding of permanent and total disability.

In the interpretation of Ohio's Workmen's Compensation statutes, R. C. 4123.95 dictates a liberal construction in favor of employees. Relator's rehabilitation and improved financial status are of no relevance in determining the degree of his injury, or the compensation to which he is entitled. For all practical purposes, relator has lost his legs to the same effect and extent as if they had been amputated or otherwise physically removed. Clearly, such is a "loss" within the meaning of R. C. 4123.58, and compensation for permanent total disability should not have been terminated.

This holding is fortified by a 1973 amendment (135 Ohio Laws, H. B. 417) specifically including both "loss" and "loss of use" within the language of R. C. 4123.58. It has long been held that the purpose of an amendment "may be either to add new provisions and conditions to the section as it then stands, or for the purpose of making plain the meaning and intent thereof." *Lytle* v. *Baldinger* (1911), 84 Ohio St. 1, 8. We view the amendment herein as further clarifying the original legislative intent.

The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE and W. BROWN, JJ., concur.