402

THE STATE, EX REL. WALKER, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLANTS.

(No. 78-1249—Decided June 20, 1979.)

*Mr. Daniel J. Igoe,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. John F. Livorno,* for appellants.

LOCHER, J.   The sole issue before this court is whether "loss" as used in R. C. 4123.57(C) includes "loss of use" and not merely "loss by severance." "Loss" was first defined by the Supreme Court in *State, ex rel. Bohan,* v. *Indus. Comm.* (1946), 146 Ohio St. 618, a 4-to-3 decision involving a claimant who had lost the use of his hand and wrist and sought to receive benefits under the predecessor of R. C. 4123.57(C) for the loss of the entire hand.   The second paragraph of the syllabus in *Bohan* reads:

"The word 'loss' as used in Section 1465-80, General Code, and therein applied to certain members of the human body means loss by severance and not the loss of use of such members."

The appellate court below, however, held that *Bohan* had been tacitly overruled by the more recent case of *State, ex rel. Gassmann,* v. *Indus. Comm.* (1975), 41 Ohio St. 2d 64. There we held:

"Total and permanent paralysis of the body from the waist down constitutes a 'loss' within the meaning of R. C. 4123.58, for which permanent total disability compensation must be awarded."

The Court of Appeals concluded that, although *Gassmann, supra,* dealt with R. C. 4123.58, the same language should implicitly be applicable to R. C. 4123.57(C).

We agree.   In so doing, we rely upon R. C. 4123.95 which dictates a liberal construction in favor of employees. So construed, we agree with Justice Paul W. Brown's statement, in *Gassmann, supra,* at page 67, wherein he states: "* * * For all practical purposes, relator has lost his legs to the same effect and extent as if they had been

amputated or otherwise physically removed." Furthermore, such a holding conforms to the generally accepted definition of the word in the Workers'. Compensation area. The permanent impairment of a member without severance generally entitles the injured employee to an award and is regarded as being the same as loss by severance. See *Nolan* v. *Ernest Const. Co.* (1942), 243 Ala. 460, 10 So. 2d 547; *Dombrozzi* v. *E. Gross & Co.* (1931), 112 Conn. 627, 153 A. 780; *Stanley* v. *United Iron Works Co.* (1945), 160 Kan. 243, 160 P. 2d 708; *Clark* v. *Kennebec Journal Co.* (1921), 120 Me. 133, 113 A. 51; *Morley's Case* (1951), 328 Mass. 148, 102 N. E. 2d 493; *Kiczko* v. *Baylis Co.* (1942), 20 N. J. Misc. 323, 27 A. 2d 14; *McClelland* v. *Baltimore & Ohio Ry. Co.* (1939), 137 Pa. Super. 158, 8 A. 2d 498; *Steele* v. *Darlington Fabrics Corp.* (1951), 78 R. I. 272, 81 A. 2d 424; and *Virginia Oak Flooring Co.* v. *Chrisley* (1954), 195 Va. 850, 80 S. E. 2d 537.

We, therefore, affirm the judgment of the Court of Appeals in order to alleviate the "obviously unjust result, whereby a claimant's award is measured by the fortuity of the events contributing to his disability * * *." *State, ex rel. Benton,* v. *C. & So. O. Elec. Co.* (1968), 14 Ohio St. 2d 130, 133.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN and SWEENEY, JJ., concur.

HOLMES, J., not participating because he was a Judge of the Court of Appeals which heard the case.