OPINIONS OF THE SUPREME COURT OF OHIO
The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio.  Attention:  Walter S. Kobalka, Reporter, or Deborah J. Whitten, Administrative Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE:  Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public.  The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State ex rel. General Motors Corporation, Parma Plant, Appellant, v. Industrial Commission of Ohio et al., Appellees.
[Cite as State ex rel. Gen. Motors Corp., Parma Plant v. Indus. Comm. (1993),        Ohio St.3d      .]
Workers' compensation -- In adopting and affirming a regional board's order without citing conflicting evidence or evidence not relied on by the board, staff hearing officers are deemed to have adopted the evidence named by the board.
(No. 92-645 -- Submitted January 12, 1993 --  Decided February 24, 1993.)

Appeal from the Court of Appeals for Franklin County, No. 90AP-1431.

In 1987, claimant, Ronald C. Romig, injured his right hand while in the course of and arising from his employment with appellant, General Motors Corporation, Parma Plant.  Following a period of temporary total disability and rehabilitation, he returned to his job as a pipefitter with appellant.  In 1989, he sought an award for loss of use of his right thumb under R.C. 4123.57(B) (formerly R.C. 4123.57[C]).

Numerous conflicting medical reports were presented to appellee Industrial Commission.  Among them was the report of Dr. J.J. Fierra, who reported:

"Presently the claimant complains of frequent aching pain and constant stiffness with loss of motion of the M-P joint of the right thumb, stiffness with loss of motion of the IP joint of the right thumb, some stiffness with loss of motion of the M-P joints of all of the fingers of the right hand, and some loss of grip strength of the right hand.

"* * * There is total loss of both active and passive flexion of the M-P joint.  Therefore, the M-P joint of the right thumb is ankylosed.  There is approximately 70% restriction of both active and passive flexion of the IP joint of the right thumb.  There is a complaint of some tenderness during palpation in the region of the M-P joint of the right thumb. * * *  There appears to be approximately 25 to 30% restriction of flexion of the M-P joints of all of the fingers of the right hand.  There is no definite restriction of range

of motion of the interphalangeal joints of the fingers of the right hand.  There is an estimated 30 to 35% decrease in grip strength of the right hand in comparison to the grip strength of the left hand."

A commission district hearing officer denied claimant's application.  A regional board of review vacated the district hearing officer's decision and awarded compensation "for loss of right thumb * * * based on medical reports of [Dr.] * * * Fierra [and others]."  Staff hearing officers affirmed the board, writing:

"It is the finding and order of the Staff Hearing Officers that Emploeyr's [sic] appeal filed 1-2-89 be denied, and the order of the Cleveland Regional Board dated 11-30-89 be mitchellized for the reason that it is supported by proof of record and is not contrary to law.

"The Walker decision [State ex rel. Walker v. Indus. Comm. (1979), 58 Ohio St. 2d 402, 12 O.O. 3d 347, 390 N.E.2d 1190] states that [where] a body part is useless this constitutes the same disability as if it had been amputated. Based upon the enunciated medical reports the Staff Hearing Officers determine that the claimant's thumb is useless and that the Paragraph C award is warranted.

"The finding and order is based on the evidence in the file and/or evidence adduced at the hearing."  (Emphasis sic.)

Appellant filed a complaint in mandamus in the Court of Appeals for Franklin County, claiming that the commission abused its discretion in finding that claimant was entitled to an award for loss of use of his thumb.  The court of appeals, however, found "some evidence" supporting the commission's decision, and denied the writ.

This cause is now before the court upon an appeal as of right.

Petro, Rademaker, Matty & McClelland, Dennis A. Rademaker and Cathryn R. Ensign, for appellant.

Lee I. Fisher, Attorney General, and Jetta Mencer, Assistant Attorney General, for appellees Industrial Commission and Administrator, Bureau of Workers' Compensation.

Per Curiam.  Appellant challenges the staff hearing officers' order both procedurally and substantively. Procedurally, appellant asserts that, contrary to State ex rel. Mitchell v. Robbins & Myers, Inc. (1983), 6 Ohio St. 3d 481, 6 OBR 531, 453 N.E.2d 721, the order inadequately explains its reasoning and the evidence on which it was based.  We disagree.  In adopting and affirming the regional board's order without citing conflicting evidence or evidence not relied on by the board, the staff hearing officers are deemed to have adopted the evidence named by the board.  State ex rel. DeMint v. Indus. Comm. (1990), 49 Ohio St. 3d 19, 550 N.E.2d 174. Simple identification of the medical reports relied on satisfies Mitchell.  State ex rel. Ohio City Mfg. Co., Inc. v. Indus. Comm. (1988), 40 Ohio St. 3d 170, 532 N.E.2d 748.

In reviewing the sufficiency of the order's reasoning, we note that Mitchell arose out of our inability to review vague commission orders.  As we later stated in State ex rel. Frigidaire Div., Gen. Motors Corp. v. Indus. Comm. (1988), 35

Ohio St. 3d 105, 518 N.E.2d 1194, paragraph two of the syllabus, "[a]n order of the Industrial Commission which is not sufficiently specific for the Supreme Court to review without searching the record will be remanded to the commission for clarification."

In this case, the order supplies enough information to facilitate judicial review.  The order's citation of State ex rel. Walker v. Indus. Comm. (1979), 58 Ohio St.2d 402, 12 O.O.3d 347, 390 N.E.2d 1190, demonstrates that the commission knew the requisite degree of impairment necessary to sustain an R.C. 4123.57(B) award - - loss of use.  The order states that such a loss was found.

Examining the cited evidence, we need go no further than Dr. Fierra's report to find "some evidence" supporting the commission's decision.  See State ex rel. Burley v. Coil Packing, Inc. (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936.  Where, as here, no amputation has occurred, R.C. 4123.57(B) provides:

"For ankylosis (total stiffness of) or contractures (due to scars or injuries) which makes any of the fingers, thumbs, or parts of either useless, the same number of weeks [of compensation] apply to the members or parts thereof as given for the loss thereof."

Dr. Fierra found ankylosis.  Moreover, while not using the term "loss of use," his report lists numerous objective and subjective findings from which the commission could reasonably conclude that claimant had effectively lost the use of his right thumb.  For example, Dr. Fierra wrote:

"Presently the claimant complains of frequent aching pain and constant stiffness with loss of motion of the M-P joint of the right thumb, stiffness with loss of motion of the IP joint of the right thumb, some stiffness with loss of motion of the M-P joints of all of the fingers of the right hand, and some loss of grip strength of the right hand."

Likewise, he found a complete loss of both active and passive flexion of the M-P joint with a seventy percent loss of flexion in the IP joint.  There was also decreased grip strength and restriction of flexion in the M-P joints in all fingers of the right hand.  Given the commission's exclusive authority to weigh and interpret evidence (State ex rel. Teece v. Indus. Comm. [1981], 68 Ohio St. 2d 165, 22 O.O. 3d 400, 429 N.E.2d 433), the commission's conclusion was not an abuse of discretion.

Accordingly, the judgment of the court of appeals is affirmed.

Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright,  Resnick, F.E. Sweeney and Pfeifer, JJ., concur.