THE STATE EX REL. GENERAL MOTORS CORPORATION, PARMA PLANT, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Gen. Motors Corp., Parma Plant v. Indus. Comm.* (1993), 66 Ohio St.3d 26.]

(No. 92–645—Submitted January 12, 1993—Decided February 24, 1993.)

*Petro, Rademaker, Matty & McClelland, Dennis A. Rademaker* and *Cathryn R. Ensign,* for appellant.

*Lee I. Fisher,* Attorney General, and *Jetta Mencer,* Assistant Attorney General, for appellees Industrial Commission and Administrator, Bureau of Workers' Compensation.

28

*Per Curiam.* Appellant challenges the staff hearing officers' order both procedurally and substantively. Procedurally, appellant asserts that, contrary to *State ex rel. Mitchell v. Robbins & Myers, Inc.* (1983), 6 Ohio St.3d 481, 6 OBR 531, 453 N.E.2d 721, the order inadequately explains its reasoning and the evidence on which it was based. We disagree. In adopting and affirming the regional board's order without citing conflicting evidence or evidence not relied on by the board, the staff hearing officers are deemed to have adopted the evidence named by the board. *State ex rel. DeMint v. Indus. Comm.* (1990), 49 Ohio St.3d 19, 550 N.E.2d 174. Simple identification of the medical reports relied on satisfies *Mitchell. State ex rel. Ohio City Mfg. Co., Inc. v. Indus. Comm.* (1988), 40 Ohio St.3d 170, 532 N.E.2d 748.

In reviewing the sufficiency of the order's reasoning, we note that *Mitchell* arose out of our inability to review vague commission orders. As we later stated in *State ex rel. Frigidaire Div., Gen. Motors Corp. v. Indus. Comm.* (1988), 35 Ohio St.3d 105, 518 N.E.2d 1194, paragraph two of the syllabus, "[a]n order of the Industrial Commission which is not sufficiently specific for the Supreme Court to review without searching the record will be remanded to the commission for clarification."

In this case, the order supplies enough information to facilitate judicial review. The order's citation of *State ex rel. Walker v. Indus. Comm.* (1979), 58 Ohio St.2d 402, 12 O.O.3d 347, 390 N.E.2d 1190, demonstrates that the commission knew the requisite degree of impairment necessary to sustain an R.C. 4123.57(B) award—loss of use. The order states that such a loss was found.

Examining the cited evidence, we need go no further than Dr. Fierra's report to find "some evidence" supporting the commission's decision. See *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936. Where, as here, no amputation has occurred, R.C. 4123.57(B) provides:

"For ankylosis (total stiffness of) or contractures (due to scars or injuries) which makes any of the fingers, thumbs, or parts of either useless, the same number of weeks [of compensation] apply to the members or parts thereof as given for the loss thereof."

Dr. Fierra found ankylosis. Moreover, while not using the term "loss of use," his report lists numerous objective and subjective findings from which the commission could reasonably conclude that claimant had effectively lost the use of his right thumb. For example, Dr. Fierra wrote:

"Presently the claimant complains of frequent aching pain and constant stiffness with loss of motion of the M–P joint of the right thumb, stiffness

with loss of motion of the IP joint of the right thumb, some stiffness with loss of motion of the M–P joints of all of the fingers of the right hand, and some loss of grip strength of the right hand."

Likewise, he found a complete loss of both active and passive flexion of the M–P joint with a seventy percent loss of flexion in the IP joint. There was also decreased grip strength and restriction of flexion in the M–P joints in all fingers of the right hand. Given the commission's exclusive authority to weigh and interpret evidence (*State ex rel. Teece v. Indus. Comm.* [1981], 68 Ohio St.2d 165, 22 O.O.3d 400, 429 N.E.2d 433), the commission's conclusion was not an abuse of discretion.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.