DECISION
{¶ 1} Relator, Alcoa Building Products, commenced this original action requesting a writ of mandamus that orders respondent Industrial Commission of Ohio to vacate its order granting respondent-claimant, Robert R. Cox, an award for scheduled loss of use of his left arm pursuant to R.C. 4123.57(B) and to find that claimant is not entitled to that award.
 {¶ 2} Pursuant to Civ.R. 53 and Section (M), Loc.R. 12 of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In the decision, the magistrate concluded the commission did not abuse its discretion in granting claimant an award for total loss of use of his arm pursuant to R.C. 4123.57(B). Accordingly, the magistrate determined the requested writ should be denied.
 {¶ 3} Relator has filed objections to the magistrate's conclusions of law, contending the videotape it supplied requires that the award be vacated. Relator notes that in the videotape, claimant is observed to have a few pieces of paper, as well as a small wallet, tucked under his arm, and to use the middle portion of his left arm to push the car door open.
 {¶ 4} With that evidence, relator objects in particular to the magistrate's employing a "for all practical purposes" standard to determine whether claimant has lost use of his arm as if it had been amputated or otherwise physically removed. See State ex rel. Walker v. Indus. Comm. (1979), 58 Ohio St.2d 402, 403-404. Relator contends claimant must show a total loss, and the videotape demonstrates claimant has not suffered a total loss.
 {¶ 5} Contrary to relator's objection, however, Walker cites approvingly the "for all practical purposes" language from Justice Paul W. Brown's statement in State ex rel. Glassmann v. Indus. Comm. (1975),41 Ohio St.2d 64, 67. Here, claimant's left hand and the majority of his left forearm were amputated after unsuccessful surgical attempts to salvage them. Claimant has a high degree of sensitivity at the site of the amputation, despite therapy. Because of the sensitivity, claimant is unable to utilize any type of prosthetic device on his left arm. Indeed, to deny claimant's award in this case would be tantamount to rewriting Walker and determining claimant there had not lost total use of both paralyzed legs because he could rest a book on them for reading purposes.
 {¶ 6} Because the magistrate has properly determined that for all practical purposes claimant has lost the total use of his left arm under the circumstances presented here, we overrule relator's objections to the magistrate's conclusions of law.
 {¶ 7} Following independent review pursuant to Civ.R. 53, we find the magistrate has properly determined the pertinent facts and applied the salient law to them. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, we deny the requested writ of mandamus.
Objections overruled; writ denied.
KLATT and SADLER, JJ., concur.
 DECISION IN MANDAMUS {¶ 8} Relator, Alcoa Building Products, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which granted respondent Robert R. Cox ("claimant") an award for scheduled loss of use of his left arm pursuant to R.C. 4123.57(B) and ordering the commission to find that claimant is not entitled to that award.
Findings of Fact:
 {¶ 9} 1. Claimant sustained a work-related injury on August 24, 1986, which resulted in the amputation of his left arm below the elbow. Claimant's claim has been allowed for: "carpal tunnel syndrome; autonomic nerve disorder; adjustment reaction; crushing injury arm; rotator cuff tear and right rotator cuff tendonitis."
 {¶ 10} 2. Claimant was a left hand dominant individual and, as can be seen from the allowed conditions, the amputation of his left arm has caused significant problems for his right arm, hand, and wrist as well.
 {¶ 11} 3. Claimant has received a scheduled loss of use award due to the complete amputation of his left hand.
 {¶ 12} 4. On July 18, 2002, claimant filed a motion seeking a scheduled award, under R.C. 4123.57(B), for the total loss of use of his left arm.
 {¶ 13} 5. Claimant submitted medical reports from his treating physician Robert H. Perkins, M.D., which detailed the treatment claimant has received. First, claimant underwent several surgeries prior to the amputation in an effort to salvage his left hand and forearm. Second, claimant's left hand and the majority of his left forearm were eventually amputated. Third, claimant has continued to have a high degree of sensitivity at the sight of his amputation despite therapy. Fourth, claimant has been unable to utilize any type of prosthetic device on his left arm due to the extreme hyper-sensitivity of his arm at the sight of the amputation. Fifth, claimant's problems with his right arm are a direct result of his inability to use his left arm in the majority of his day-to-day activities that occurred as a consequence of overuse of the right upper extremity due to the extreme limited function of his left upper extremity. In his June 24, 2002 report, Dr. Perkins opined as follows:
 {¶ 14} "It is my belief that given the patient's residual hypersensitivity, pain, and tenderness about his left distal forearm, that he is unable to use his left upper limb at all and he should be awarded for the loss of use of the entire left upper limb given his symptoms. He has been given in the past loss of use of the hand, but really he is unable to use a prosthesis since he has had the amputation, so virtually he is without the use of his left upper limb and the disability should be for loss of use of the entire left upper extremity. * * *"
 {¶ 15} 6. Ron M. Koppenhoefer, M.D., issued a report dated August 12, 2002, wherein he noted that, although claimant does not have a complete loss of use of his left arm, even though he is unable to use his prosthesis, claimant might have a functional loss of his left arm.
 {¶ 16} 7. Relator submitted a videotape for the commission's review as well as for this court's review. In that videotape, claimant is observed doing the following: claimant is able to drive a car with his right hand; he is observed in a field with his dog; at no time while claimant was with his dog, did claimant touch or even attempt to touch his dog with his left arm; claimant tucked a few pieces of paper under his left arm as well as what appeared to be a small wallet; and claimant was observed using the middle portion of his left arm to push open his car door. Relator submitted the videotape as evidence that claimant has not sustained a total loss of use of his left arm.
 {¶ 17} 8. The matter was heard before a district hearing officer ("DHO") on September 27, 2002, and claimant's motion was granted as follows:
 {¶ 18} "It is the order of the District Hearing Officer that the Injured Worker is granted an award for total loss of his left arm. The District Hearing Officer finds that, due to the amputation of the lower part of his left arm, the Injured Worker has lost the use of his entire left arm. This finding is based on the reports of Dr. Perkins as well as the case of State ex rel. Walker v. Industrial Commission (1979),58 Ohio St.2d 402.
 {¶ 19} "This award is to be paid minus the 175 weeks of compensation the Injured Worker has previously received for the loss of his left hand."
 {¶ 20} 9. Relator appealed and the matter was heard before staff hearing officer ("SHO") on November 6, 2002, and resulted in an order affirming the prior DHO order as follows:
 {¶ 21} "It is the finding of the Staff Hearing Officer that the injured worker is granted `total loss of use of the left arm.' The injured worker is awarded this scheduled loss of use (left arm) under4123.57(B) O.R.C. less any previous awards under paragraph B (left hand).
 {¶ 22} "The basis for this decision is the testimony of the injured worker at today's hearing and the 06/24/2002 narrative report from Dr. Robert Perkins. Dr. Perkins indicated the injured worker's left arm is `completely non-functional.'
 {¶ 23} "All relevant evidence was reviewed and considered including the video-tape of a previous investigation (viewed during the Staff Hearing Officer Hearing)."
 {¶ 24} 10. Further appeal was refused by order of the commission mailed December 6, 2002.
 {¶ 25} 11. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 26} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show that she has a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987),29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 27} Relator asserts that the August 12, 2002 report of Dr. Koppenhoefer wherein he stated that a below elbow amputation and the inability to use a prosthetic device constituted a 94 percent impairment of the affected extremity, plus the videotape demonstrates that claimant has not sustained a total loss of use of his left arm and is not entitled to an award under R.C. 4123.57(B). Relator also argues that the report of Dr. Perkins is equivocal.
 {¶ 28} R.C. 4123.57(B) provides, in pertinent part:
 {¶ 29} "In cases included in the following schedule the compensation payable per week to the employee is the statewide average weekly wage as defined in division (C) of section 4123.62 of the Revised Code per week and shall continue during the periods provided in the following schedule:
 {¶ 30} "* * *
 {¶ 31} "For the loss of a hand, one hundred seventy-five weeks.
 {¶ 32} "For the loss of an arm, two hundred twenty-five weeks."
 {¶ 33} Although the statute speaks only in terms of "loss," the Ohio Supreme Court has held that "loss" includes not only loss by amputation, but, also, loss of use. State ex rel. Walker v. Indus. Comm. (1979), 58 Ohio St.2d 402. In Walker, the court spoke in terms of a loss to the same effect and extent as if amputated or otherwise physically removed. Id. at 403.
 {¶ 34} In the present case, the DHO cited to the Walker case and concluded that, claimant had sustained the loss of use of his left arm as the court defined in Walker. The SHO affirmed that DHO order. Relator contends that the videotape evidence presented demonstrates that claimant is, in fact, able to use his left arm to do certain things: to hold some papers between his arm and body, and to assist him in opening his car door. Claimant is capable of adduction and abduction of his arm and, as such, relator contends that he is not entitled to the award.
 {¶ 35} Upon review of the Walker case, and the medical reports contained in the record with particular reliance upon the reports of Dr. Perkins, this magistrate finds that relator has not demonstrated the commission abused its discretion in concluding that claimant's substantial loss of use of his left arm constituted a total loss of use for purposes of the statute. Dr. Perkins' report is not equivocal. He noted that due to the hypersensitivity and pain associated with the remaining limb, claimant had lost the use of his arm. In addition, Dr. Perkins noted that claimant's inability to utilize a prosthetic device constitutes further evidence of his loss because claimant's arm cannot even be made useful with the aid of a prosthesis.
 {¶ 36} Upon reflection, this magistrate notes that, in and of itself, without a hand attached, the human arm has very little purpose. When the hand is attached, the arm gives the hand much greater flexibility and usage. For example, the arm allows the hand to reach a significant distance from the body. Furthermore, the rotation of the shoulder and the elbow provide significantly greater flexibility and range of motion for the hand than the wrist alone does. The videotape demonstrates that claimant can utilize that portion of his arm above the elbow to hold light weight objects up against his side and to push a door open. There is evidence in the record that claimant rests his arm on a pillow when he is driving so as to keep the arm away from his body as this causes additional pain at the sight of the amputation. Claimant is not able to use his left arm to lift objects, nor is he able to use his left arm to move objects. In the videotape, when claimant was out with his dog, claimant did not use his left arm at all. In fact, claimant did not even attempt to use his left arm to pet his dog. Given the great number of tasks which the arm enables humans to do, claimant is now able to perform only two tasks: holding light weight objects up against his body, and using his upper arm to help push a door open. Based upon that evidence and when considering the function of the arm, for all practical purposes, this magistrate finds that the commission did not abuse its discretion in concluding that claimant's substantial loss, coupled with his inability to use a prosthetic device, and the great sensitivity which he experiences at the sight of the amputation renders his loss sufficient to qualify him for total loss of use of his arm under R.C. 4123.57(B).
 {¶ 37} Based upon the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion in granting claimant an award for total loss of use of his arm under R.C. 4123.57(B) and this court should deny relator's request for a writ of mandamus.