DECISION
{¶ 1} Relator, Cherryhill Management, Inc., commenced this original action in mandamus seeking an order compelling respondent, Industrial Commission of Ohio ("commission"), to vacate its order granting temporary total disability ("TTD") compensation to respondent, Julia Beltre ("claimaint"), and to find that the claimant is not entitled to receive TTD compensation because she voluntarily abandoned her employment by violating a written work rule.
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In essence, the magistrate found that the commission did not abuse its discretion in granting TTD compensation because there was some evidence supporting the commission's determination that the claimant did not refuse to cooperate with a drug/alcohol test and, therefore, the claimant did not violate the relator's written work rules. Based upon these findings, the magistrate has recommended that we deny relator's request for a writ of mandamus.
 {¶ 3} Relator has filed objections to the magistrate's decision arguing that the magistrate failed to properly address the impact of the commission's failure to analyze the applicable company work rule. Relator also argues that the magistrate erred in stating that the commission specifically rejected the nurse's affidavit offered in support of the relator's position when neither the district hearing officer ("DHO") nor the staff hearing officer ("SHO") mention the affidavit. Although we acknowledge that the SHO's order does not analyze what appears to be the most applicable work rule, and that the order makes no mention of the nurse's affidavit, we nevertheless find that a writ of mandamus is not warranted.
 {¶ 4} Following a hearing at which the claimant appeared, the DHO found that the evidence did not support relator's contention that the claimant refused to cooperate with the nurse administering the drug/alcohol test. The DHO identified the evidence upon which it relied in making this factual finding, and it briefly explained its decision. The DHO was not required to specifically identify the evidence it found unpersuasive. By affirming the DHO's order without citing any conflicting evidence or evidence not relied upon by the DHO, the SHO adopted the DHO's evidentiary findings. State ex rel. General Motors Corp. v.Indus. Comm. (1993), 66 Ohio St.3d 26, citing State ex rel.DeMint v. Indus. Comm. (1990), 49 Ohio St.3d 19, 20. As the commission notes, the SHO is not required to prepare separate evidentiary findings when it affirms the decision and reasoning of a DHO order that satisfies State ex rel. Mitchell v. Indus.Comm. (1983), 6 Ohio St.3d 481. Therefore, the commission made a factual finding that the claimant did not refuse to take a drug/alcohol test, it identified the evidence upon which it relied in making that finding, and it briefly explained its decision. The commission was not required to explain why it found the nurse's affidavit unpersuasive.
 {¶ 5} Because the commission determined that the claimant did not refuse to cooperate with the nurse administering the drug/alcohol test, the claimant could not have violated either of the two work rules raised in connection with this matter. Therefore, regardless of whether the commission analyzed the most applicable rule, its factual finding establishes that the claimant did not violate either rule. Therefore, we overrule relator's objections.
 {¶ 6} Following an independent review of this matter, we find that the magistrate has properly determined the facts and applied the appropriate law. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we deny relator's request for a writ of mandamus.
Objections overruled; writ of mandamus denied.
French and Travis, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. : Cherryhill Management, Inc., :
Relator, :
v. No. 05AP-953 :
Industrial Commission of Ohio (REGULAR CALENDAR) and Julia Beltre, :
Respondents. :
 MAGISTRATE'S DECISION Rendered on April 13, 2006 Gibson Robbins-Penniman, Shareef Rabaa and J. MilesGibson, for relator.
Jim Petro, Attorney General, and Derrick L. Knapp, for respondent Industrial Commission of Ohio.
Brown, Lippert, Heile Evans, and Marquette D. Evans, for respondent Julia Beltre.
 IN MANDAMUS {¶ 7} Relator, Cherryhill Management, Inc., has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which granted temporary total disability ("TTD") compensation to respondent Julia Beltre ("claimant"), and ordering the commission to find that claimant is not entitled to receive TTD compensation because claimant failed to take a drug test following her injury.
Findings of Fact:
 {¶ 8} 1. Claimant sustained a work-related injury on March 15, 2005 at 10:48 p.m., when she picked up a box from a shelf which was too heavy and felt pain in her right shoulder and upper back area.
 {¶ 9} 2. Claimant presented at an urgent care facility for treatment on March 15, 2005.
 {¶ 10} 3. Although there are no medical records submitted from this March 15, 2005 visit, there is an affidavit from a nurse who "attempted to administer a urine test * * * to test for drugs and/or alcohol" in claimant's system. Through an interpreter, the nurse explained that claimant needed to fill the testing cup to 70 milliliters. By affidavit, the nurse indicated that "[t]hrough the door, I could hear that Julia Beltre was urinating into the toilet." When claimant exited the restroom, the cup contained approximately 10 milliliters. Through the interpreter, the nurse explained to claimant that she needed to try to urinate more; however, despite two more attempts, claimant was not able to provide a 70 milliliter sample. In her affidavit, the nurse concluded: "In my opinion, Julia Beltre refused to cooperate and follow the directions of the drug/alcohol test."
 {¶ 11} 4. On March 16, 2006, the next day, claimant was seen at the Fort Hamilton Hospital. At that time, claimant submitted a urine sample which tested negative for drugs. The examination of claimant's shoulder revealed that it was tender in the right posterior shoulder region; claimant had good range of motion with some discomfort; and had tenderness in the right upper back region extending to the upper two-thirds of the right thoracic region. Claimant was diagnosed with "[c]ervical, thoracic, and right shoulder strain." Claimant was given Flexoral and Naproxin, was instructed to return March 22, 2005, and the doctor indicated claimant could return to work with restrictions relative to her right arm.
 {¶ 12} 5. Claimant was again seen at the Fort Hamilton Hospital on February 11, 2005. At that time, it was noted that claimant's symptoms had resolved and she was released to return to work as of April 11, 2005.
 {¶ 13} 6. Although there is no evidence in the record formally terminating claimant from her employment and citing a specific reason, it is undisputed that relator terminated claimant due to her failure to submit to the drug test. The record contains relator's Employee Alcohol and Drug Policies and Procedures, which provides, in relevant part:
Procedure
1. General
A. Cherryhill Management, Inc. has a strong commitment to provide a safe work place and to establish programs that promote high standards of employee health and safety. * * *
B. In cases of suspected drug and/or alcohol involvement, except for cases of obvious or probable false or harassing reports, work duties may be terminated pending an initial investigation, determination and corresponding disciplinary or corrective management actions.
* * *
2. Policy of Illegal Drugs and Alcoholic Beverages
* * *
B. Alcoholic Beverages
* * * [N]o * * * employee * * * shall report to work under the influence of alcoholic beverages, * * * to the extent that they may impair his/her judgment and ability to perform his/her job. Employees in violation of this policy will be subject to discipline up to and including termination of employment.
3. Drugs and Alcohol Testing
* * *
B. Fitness for Duty
* * *
3) All employees may be subjected to a reasonable cause drug testing and breath analyzer testing.
4) All employees of Cherryhill Management, Inc. involved in an accident, while on Company time, will be subjected to a drug screening and/or breath analyzer to determine if drugs or alcohol played a role in the accident. Management re-serves the right to waive the screening in the case of a minor accident with minimal damage and employee does not seek medical treatment.
5) Employees who need medical treatment as a result of an injury must request that a drug and alcohol screening be per-formed by the medical provider.
6) Employees identified as possibly having prohibited sub-stances in their system and who refuse to sign a consent release form for a urinalysis and breath analyzer test may be disciplined up to and including discharge of employment.
* * *
5. Notice of Rebuttable Presumption: Ohio Workers'Compensation Act
The Ohio Workers' Compensation Act, under specific cir-cumstances, creates a rebuttable presumption that an em-ployee is intoxicated or under the influence of a controlled substance and that being intoxicated or under the influence of a controlled substance is the proximate cause of an injury. Rebuttable presumption means that an employee may dis-pute or prove untrue the presumption (or belief) that alcohol or a controlled substance not prescribed by the employee's physician is the proximate cause (main reason) of the work related injury.
The burden of proof is on the employee to prove that the presence of alcohol or a controlled substance was not the proximate cause of the work related injury. An employee who tests positive or refuses to submit to chemical testing may be disqualified for compensation and benefits under the Workers' Compensation Act.
 {¶ 14} According to relator's brief, Section 3(B)(4) applied and is the reason why claimant was terminated.
 {¶ 15} 7. Claimant submitted a C-84 signed by John M. Evans, M.D., certifying her as being temporarily and totally disabled from her position of employment from March 15 to April 11, 2005, when he released her to return to work.
 {¶ 16} 8. The matter was heard before a district hearing officer ("DHO") on May 11, 2005. The DHO concluded that claimant's claim should be allowed for "cervical strain, thoracic strain and right shoulder strain." Thereafter, the DHO determined that claimant was entitled to receive TTD compensation from March 16 to April 10, 2005. With regard to relator's argument that claimant had voluntarily abandoned her employment when she refused to take the drug test and should not receive TTD compensation, the DHO rejected relator's argument and determined:
The employer's representative argued at hearing that this claim should be denied and/or Temporary Total Disability Compensation denied based upon the injured worker's re-fusal to submit to a drug/alcohol test. The District Hearing Officer does not find persuasive evidence on file or from the testimony presented at hearing today that the injured worker did voluntarily refuse to take a drug/alcohol test. Accordingly, the District Hearing Officer finds the employer's argument not well taken.
This order is based upon the Fort Hamilton Hospital records beginning 03/16/2005, the medical records from Health Line beginning 03/16/2005, the C-84 from Dr. John Evans dated 04/18/2005 and the evidence adduced at hearing.
 {¶ 17} 9. Relator appealed and the matter was heard before a staff hearing officer ("SHO") on July 7, 2005. The SHO affirmed the prior DHO's order and determined that TTD compensation was payable to claimant. The SHO addressed relator's voluntary abandonment argument as follows:
The employer's representative argued that the claim should be denied and/or that temporary total compensation should be denied as the injured worker refused to submit to a drug and alcohol test.
The Hearing Officer finds that the drug test provided for by the employer was not a qualifying drug test as that term is used under ORC 4123.54(C). Therefore[,] there is no pre-sumption that the injured worker was under the influence of a controlled substance and that it was the approximate cause of the injured worker's injury.
The Hearing Officer finds that there is no violation of a written work rule which would preclude the payment of tem-porary total compensation. A review of the written work rule indicates that all employees would be subjected to a rea-sonable cause drug test. The Hearing Officer finds that there was not reasonable cause basis for administering the drug test to the injured employer as outlined in the drug and alcohol policy and procedures of the employer which would support a violation of a written work rule and preclude the payment of temporary total compensation.
The Hearing Officer's decision is based on the reports from Fort Hamilton Hospital beginning 03/16/2005, the medical records from Healthline beginning 03/16/2005, the C-84 from Dr. Evans dated 04/18/2005 and the evidence adduced at hearing.
 {¶ 18} 10. Relator's further appeal was refused by order mailed July 30, 2005.
 {¶ 19} 11. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 20} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law.State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28.
 {¶ 21} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. Stateex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record.State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewisv. Diamond Foundry Co. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder.State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 22} It is undisputed that voluntary abandonment of the former position of employment can preclude the payment of TTD compensation. State ex rel. Rockwell Internatl. v. Indus. Comm.
(1988), 40 Ohio St.3d 44. In State ex rel. Watts v.Schottenstein Stores Corp. (1993), 68 Ohio St.3d 118, 121, the court stated:
* * * [F]iring can constitute a voluntary abandonment of the former position of employment. Although not generally con-sented to, discharge, like incarceration, is often a conse-quence of behavior that the claimant willingly undertook, and may thus take on a voluntary character. See [State ex rel. Ashcraft v. Indus.Comm. (1987), 34 Ohio St.3d 42]. * * *
 {¶ 23} In State ex rel. Louisiana-Pacific Corp. v. Indus.Comm. (1995), 72 Ohio St.3d 401, the court characterized a firing as "voluntary" where the firing is generated by the employee's violation of a written work rule or policy which: (1) clearly defined the prohibited conduct; (2) had been previously identified by the employer as a dis-chargeable offense; and (3) was known or should have been known to the employee.
 {¶ 24} In the present case, the commission ultimately rejected relator's argument for the following reasons: (1) the evidence did not establish that claimant voluntarily refused to take the test; (2) the drug test was not a qualifying drug test as that term is used in R.C. 4123.54(C); and (3) there was no reasonable cause basis for administering the drug test to the claimant as outlined in relator's policy and procedures. For the reasons that follow, the magistrate finds the commission did not abuse its discretion.
 {¶ 25} First, the commission specifically rejected the affidavit provided by relator from the nurse who opined that, in her opinion, claimant had refused to cooperate with the test. The commission judges the credibility of the evidence and, in this instance, the commission found that evidence was not credible. That finding does not constitute an abuse of discretion.
 {¶ 26} Second, while relator appears to be arguing that one portion of its policy applies, the commission appears to have looked at and applied a different portion of relator's drug and alcohol policy. The hearing officer appears to have referred to Section (B)(3) because the hearing officer determined that relator did not establish a reasonable cause basis for taking the drug test in the first place. On the other hand, relator appears to be arguing that Section (B)(4) applies which provides that employees involved in an accident while on company time will be subjected to drug and alcohol testing. When considering that, under Louisiana-Pacific, the work rule must clearly define the prohibited conduct and should be known or should have been known by the employee to be a dischargeable offense, it appears in the present case that even at the hearing there was some dispute as to what portion of the policy applied. In any event, having found that relator's evidence that claimant refused to cooperate was not credible, there is no substantiated violation of the rule by claimant and her discharge would not preclude the payment of TTD compensation.
 {¶ 27} Based on the foregoing, it is this magistrate's conclusion that relator has not demonstrated that the commission abused its discretion in granting TTD compensation to claimant and relator's request for a writ of mandamus should be denied.