O’Neill, J.,
dissenting.
{¶ 26} I respectfully dissent. This case should be remanded to the Industrial Commission for application of R.C. 4123.57(B) to determine whether Varney is entitled to compensation for the total loss of use of his fingers. The plain language of the statute states, “The loss of more than the middle and distal phalanges of any finger is considered equal to the loss of the whole finger.” R.C. 4123.57(B).
{¶ 27} Applying this statute, this court has already determined that a claimant who shows a loss of use “for all practical purposes” is entitled to a scheduled-loss *187 award. State ex rel. Alcoa Bldg. Prods. v. Indus. Comm., 102 Ohio St.3d 341, 2004-Ohio-3166, 810 N.E.2d 946, citing State ex rel. Gassmann v. Indus. Comm., 41 Ohio St.2d 64, 322 N.E.2d 660 (1975), and State ex rel. Walker v. Indus. Comm., 58 Ohio St.2d 402, 390 N.E.2d 1190 (1979). In Alcoa, this court rejected the suggestion that a loss of use “for all practical purposes” meant that the loss must be the absolute equivalent of loss by amputation. Id. at ¶ 14. We declared that such a standard is unworkable because it is impossible to satisfy in a nonseverance situation, and Walker and Gassmann were “unequivocal in their desire to extend scheduled loss benefits beyond amputation.” Id. at ¶ 11. We reasoned that such a literal interpretation would
foreclose benefits to the claimant who can raise a mangled arm sufficiently to gesture or point. It would preclude an award to someone with the hand strength to hold a pack of cards or a can of soda, and it would bar — as here — scheduled loss compensation to one with a limb segment of sufficient length to push a car door or tuck a newspaper. Surely, this could not have been the intent of the General Assembly in promulgating R.C. 4123.57(B) or of Gassmann and Walker.
Id. at ¶ 11.
{¶ 28} Instead of examining the record to determine whether the medical evidence demonstrated a loss of use “for all practical purposes,” the majority opinion mischaracterizes the issue presented. The opinion suggests that the Tenth District applied a new standard based on its decision in State ex rel. Rodriguez v. Indus. Comm., 10th Dist. Franklin No. 08AP-910, 2009-Ohio-4834, 2009 WL 2941957. That is not what happened here. In Rodriguez, the appellate court properly granted a writ of mandamus ordering the commission to reevaluate the claimant’s scheduled-loss claim based on the plain language of R.C. 4123.57(B). No new standard was articulated. Varney has a statutory right to have his application for the scheduled loss of use of his fingers evaluated based on the plain language of R.C. 4123.57(B).
{¶ 29} The majority opinion also misapplies this court’s decision in State ex rel. Kroger Co. v. Johnson, 128 Ohio St.3d 243, 2011-Ohio-530, 943 N.E.2d 541. The dispute in Kroger was about an equivocal medical opinion, where a percentage of impairment assessment was internally inconsistent with the physician’s narrative. There was no dispute regarding the absence of a statutory numerical measure for the total loss of use of a finger. The absence of a statutory numerical measure for the total loss of use of a finger was not relevant in Kroger and it is not relevant in this case.
*188 Philip J. Fulton Law Office and Chelsea J. Fulton, for appellee.
Michael DeWine, Attorney General, and Kevin J. Reis, Assistant Attorney General, for appellant.
{¶ 30} In this case, the medical evidence relied on by the Industrial Commission does not include a determination regarding whether Varney has lost use of more than the middle and distal phalanges. As a matter of law, that determination is required by R.C. 4123.57(B). Instead, the evidence relied upon includes a percentage of impairment and a conclusion that Varney has not lost all use of his fingers. The percentage calculation relied upon here is not required by R.C. 4123.57(B) and is therefore irrelevant. And the determination that Varney does not qualify for compensation under R.C. 4123.57(B) because he has not lost all use of his fingers is not the law of Ohio. Alcoa, 102 Ohio St.3d 341, 2004-Ohio-3166, 810 N.E.2d 946. I would affirm the decision of the Tenth District Court of Appeals. This case should be remanded to the Industrial Commission for proper consideration under Ohio law. I dissent.
Pfeifer, J., concurs in the foregoing opinion.