[Cite as *Kirksey v. Cornerstone Innovations, Inc.*, 2025-Ohio-2681.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

WILLIAM KIRKSEY,                               :

    Plaintiff-Appellant,          :

                                               No. 114575

    v.                                     :

CORNERSTONE INNOVATIONS, INC., :
ET AL.,

    Defendants-Appellees.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 31, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-101366

---

### *Appearances:*

Taubman Law and Bruce D. Taubman, *for appellant*.

Hanna, Campbell & Powell, LLP, and J. Anthony Coleman, *for appellee* Cornerstone Innovations, Inc.

Dave Yost, Ohio Attorney General, and Sarah E. Thomas, Senior Assistant Attorney General, *for appellee* Ohio Bureau of Workers' Compensation.

SEAN C. GALLAGHER, J.:

{¶ 1} Plaintiff-appellant William Kirksey ("Kirksey") appeals the trial court's judgment dismissing the case pursuant to Civ.R. 12(B)(1) for lack of jurisdiction. Upon review, we affirm.

{¶ 2} In July 2024, Kirksey filed a notice of appeal from a decision of the Industrial Commission of Ohio, along with a complaint. Thereafter, he filed an amended complaint. Kirksey alleged, in part, that on or about May 22, 2020, he was injured in the course and scope of his employment with defendant-appellee Cornerstone Innovations, Inc. ("Cornerstone"). More specifically, he alleged that he was injured as a result of "helping a fallen patient while also being exposed to COVID-19" and that he incurred "injuries to his mental health, brain, left shoulder, left arm, right leg, and right foot." The Ohio Bureau of Workers' Compensation assigned a claim number in 2020, and a claim was allowed for various conditions. Sometime thereafter, Kirksey filed a motion for a scheduled-loss award for the total loss of use of his right foot. Ultimately, the Industrial Commission of Ohio denied that motion and further administrative review was refused. Kirksey then filed a notice of appeal in the Cuyahoga County Court of Common Pleas.

{¶ 3} In August 2024, defendant-appellee Cornerstone filed a motion to dismiss pursuant to Civ.R. 12(B)(1). Cornerstone argued that the order denying Kirksey's motion for a loss-of-use award under R.C. 4123.57(B) is reviewable only in mandamus in the Tenth District Court of Appeals, covering Franklin County where

the Industrial Commission is located, because it concerns an "extent of disability" issue.

{¶ 4} In his opposition brief, Kirksey maintained that he was injured while helping a patient at Cornerstone and, as a result of being exposed to and contracting COVID-19 from the encounter, suffered complications that caused Kirksey to have a stroke. According to Kirksey, "the loss of use of [his] right foot flows directly from the stroke he suffered after contracting COVID-19 from exposure with a patient [he] was helping after a fall, which are allowed conditions of his claim." Despite authority establishing otherwise, Kirksey argued his claim should be viewed as a "right to participate." Kirksey expressed concern that he could be denied coverage for future medical treatment, and he raised due-process and equal-protection arguments.

{¶ 5} After further briefing was filed, the trial court issued a decision in October 2024 that granted Cornerstone's motion and dismissed the case pursuant to Civ.R. 12(B)(1) for lack of jurisdiction over the subject matter upon determining Kirksey's appeal concerns the "extent of disability," rather than a "right to participate." As found by the trial court, "The decision whether to grant or deny scheduled-loss compensation 'in accordance with R.C. 4123.57(B)' is a decision 'as to the extent of disability,' [and] is not appealable under R.C. 4123.512(A) [but] must be challenged in a mandamus action." *State ex rel. Walters v. Indus. Comm. of Ohio*, 2024-Ohio-552, ¶ 15; *see also State ex rel. Ottinger v. B & B Wrecking & Excavating, Inc.*, 2024-Ohio-1656, ¶ 15. The trial court declined to address Kirksey's constitutional challenges.

{¶ 6} Kirksey timely appealed the trial court's decision. Under his sole assignment of error, Kirksey claims the trial court erred in granting appellee's motion to dismiss.[1]

{¶ 7} Kirksey's appeal to the common pleas court below was from the denial of a loss-of-use award under R.C. 4123.57(B). The Supreme Court of Ohio has recognized that R.C. 4123.57(B) "authorizes the payment of scheduled compensation to a claimant for the loss of enumerated body parts and bodily functions, such as the loss of an arm or a leg" and that "the 'loss' of a body part includes amputation or severance as well as a 'loss of use' that is both permanent and total, to the same effect and extent as if the body part had been physically removed." *State ex rel. Heilman v. Indus. Comm. of Ohio*, 2024-Ohio-5518, ¶ 4, citing *State ex rel. Walker v. Indus. Comm. of Ohio*, 58 Ohio St.2d 402, 403-404 (1979). However, "[b]ecause the commission's decision to deny loss-of-use compensation is a decision regarding the injured worker's extent of disability, it is not appealable under R.C. 4123.512(A) and is properly challenged in mandamus." *State ex rel. Heilman* at ¶ 25, citing *State ex rel. Kroger Co. v. Stover*, 31 Ohio St.3d 229 (1987), paragraph one of the syllabus; *see also State ex rel. Walters* at ¶ 15; *State ex rel. Ottinger* at ¶ 15.

{¶ 8} The Supreme Court of Ohio has explained:

R.C. 4123.512(A) provides claimants and employers the right to appeal a commission's final order to a court of common pleas "in any injury or occupational disease case, *other than a decision as to the extent of disability*." Appellate review is limited to "decisions involving a

---

[1] We note that Kirksey's brief mistakenly references Civ.R. 12(B)(6) when the dismissal was pursuant to Civ.R. 12(B)(1).

claimant's right to participate or to continue to participate" in the workers' compensation fund.

(Emphasis added.) *State ex rel. Walters,* 2024-Ohio-552 at ¶ 15, quoting R.C. 4123.572(A), citing *Afrates v. Lorain,* 63 Ohio St.3d 22 (1992), paragraph one of the syllabus; *State ex rel. Ottinger* at ¶ 15; *see also State ex rel. Bosch v. Indus. Comm. of Ohio,* 1 Ohio St.3d 94, 96-97 (1982).

{¶ 9} Although Kirksey argues that his claim for loss of use of the right foot should be viewed as an issue of right to participate, our review of the law does not support his argument. To the extent Kirksey raises constitutional challenges, the trial court declined to address those claims upon determining it lacked jurisdiction in the matter. We do not find the trial court committed any error in doing so. The law required dismissal of the action for lack of subject-matter jurisdiction, and we are not persuaded by Kirksey's arguments to address his constitutional challenges herein. Appellant's assignment of error is overruled.

{¶ 10} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MICHELLE J. SHEEHAN, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR