THE STATE, EX REL. SZATKOWSKI, APPELLANT, *v.*
INDUSTRIAL COMMISSION OF OHIO, APPELLEE, ET AL.

[Cite as State, ex rel. Szatkowski, *v.* Indus. Comm. (1988), 39 Ohio St. 3d 320.]

(No. 87-1157—Submitted July 27, 1988—Decided November 9, 1988.)

*James E. Buchan, Jr.,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Jeffery W. Clark,* for appellee.

*Per Curiam.* The issue before this court is whether, as a matter of law, R.C. 4123.58(C) requires a finding of permanent total disability when impaired vision is significantly improved by corrective measures. We hold that it does not.

R.C. 4123.58(C) states in pertinent part:

"The loss or loss of use of both hands or both arms, or both feet or both legs, or both eyes, or of any two thereof, constitutes total and permanent disability, to be compensated according to this section."

R.C. 4123.57(C) provides in pertinent part:

"For the permanent partial loss of sight of an eye, such portion of one hundred twenty-five weeks as the commission may in each case determine, based upon the percentage of vision actually lost as a result of the injury or occupational disease, but, in no case shall an award of compensation be made for less than twenty-five per cent loss of uncorrected vision. 'Loss of uncorrected vision' means the percentage of vision actually lost as the result of the injury or occupational disease."

R.C. 4123.58(C) does not use the term "loss of uncorrected vision," nor does it refer to R.C. 4123.57(C) as pertinent here. Appellant mistakenly relies on *State, ex rel. Swander,* v. *Indus. Comm.* (1983), 13 Ohio App. 3d 220, 13 OBR 271, 468 N.E. 2d 913, and *State, ex rel. Kroger Co.,* v. *Stover* (1987), 31 Ohio St. 3d 229, 31 OBR 436, 510 N.E. 2d 356. These cases merely hold that *for purposes of an award under R.C. 4123.57(C),* subsequent improvement of vision by corrective means is immaterial. R.C. 4123.58(C) is neither referred to nor an issue in either majority decision.

Appellant's reliance on *State, ex rel. Gassmann,* v. *Indus. Comm.* (1975), 41 Ohio St. 2d 64, 70 O.O. 2d 157, 322 N.E. 2d 660, and *State, ex rel. Walker,* v. *Indus. Comm.* (1979), 58 Ohio St. 2d 402, 12 O.O. 3d 347, 390 N.E. 2d 1190, is also misplaced. These cases taken together stand solely for the proposition that "loss" as contained in R.C. 4123.57(C) and 4123.58 (C) includes "loss of use" in addition to "loss by severance." In *Gassmann,* we found that a paraplegic claimant had "[f]or all practical purposes * * * lost his legs to the same effect and extent as if they had been amputated or otherwise physically removed. Clearly such is a 'loss' within the meaning of R.C. 4123.58 * * *." *Id.* at 67, 70 O.O. 2d at 159, 322 N.E. 2d at 662. *Walker* cited with approval the *Gassmann* rationale and applied it to R.C. 4123.57(C) as well.

*Walker* and *Gassmann* undercut appellant's argument by requiring, at a minimum, irreparable total loss of use as a prerequisite to recovery. In the case at bar, while appellant may have a

loss of uncorrected vision, contact lenses have restored a significant amount of sight. He has thus not lost his vision to the same extent as if his eyes had been enucleated.

Appellant correctly asserts that subsequent reemployment has no effect on whether a party may be found permanently and totally disabled under R.C. 4123.58(C). His contention is not relevant, however, since he does not have loss of vision to the extent contemplated by R.C. 4123.58(C) and is thus not permanently and totally disabled.

The determination of disputed factual situations is within the final jurisdiction of the commission, subject to correction by action in mandamus only on a showing of an abuse of discretion. *State, ex rel. Allied Wheel Products, Inc.,* v. *Indus. Comm.* (1956), 166 Ohio St. 47, 50, 1 O.O. 2d 190, 192, 139 N.E. 2d 41, 44. Where the record contains some evidence to support its decision, there has been no abuse of discretion and mandamus will not lie. *State, ex rel. Burley,* v. *Coil Packing, Inc.* (1987), 31 Ohio St. 3d 18, 31 OBR 70, 508 N.E. 2d 936. In this case, the commission did have "some evidence" — Dr. Bennett's report as supplemented — to support its dismissal of appellant's motion for permanent and total disability compensation under R.C. 4123.58(C).

Accordingly, the judgment of the court of appeals denying the writ is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.