THE STATE, EX REL. GOULD, INC., APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Gould, Inc., *v.* Indus. Comm. (1988), 40 Ohio St. 3d 323.]

(No. 88-75—Submitted October 25, 1988—Decided December 30, 1988.)

*Chester T. Freeman Co., L.P.A.,* and *William R. Polhamus,* for appellee Shumate.

*Per Curiam.* A claimant may return to work and continue to receive permanent total disability compensation only if he or she has been found permanently and totally disabled under R.C. 4123.58(C). *State, ex rel. Szatkowski,* v. *Indus. Comm.* (1988), 39 Ohio St. 3d 320, 322, 530 N.E. 2d 880, 882. That section provides that "[t]he loss or loss of use of both hands or both arms, or both feet or both legs, or both eyes, or of any two thereof, constitutes total and permanent disability * * *." "Loss of use" for purposes of R.C. 4123.58(C) means that a claimant has lost the use of the affected parts to the same extent as if amputated. *State, ex rel. Gassmann,* v. *Indus. Comm.* (1975), 41 Ohio St. 2d 64, 70 O.O. 2d 157, 322 N.E. 2d 660. See *Szatkowski, supra.*

Appellant alleges that the commission abused its discretion in finding claimant-appellee's loss of fingers constitutes a loss of use of both hands for purposes of statutory permanent total disability. Thus, our review is limited to determining whether the commission's stated basis for its decision is supported by "some evidence" in the record. *State, ex rel. Burley,* v. *Coil Packing, Inc.* (1987), 31 Ohio St. 3d 18, 31 OBR 70, 508 N.E. 2d 936. We find that the commission abused its discretion by relying solely upon the 1977 bureau order for an increased award. The commission should have determined instead whether appellee's loss of fingers constituted, for all practical purposes, loss of use of both hands to the same effect and extent as if they had been amputated.[1]

*Gibson & Robbins-Penniman* and *Gus Robbins-Penniman,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Merl H. Wayman,* for appellees Industrial Commission et al.

---

[1] Though appellee returned to work following the hand injuries and continued to work after recovering from his first, and then his second, back injury, appellee's return to work may be considered but is not dispositive of the issue as to whether ap-

The sole evidence relied upon by the commission in finding a total loss of use is a January 19, 1977 bureau order. That order contains no language reflecting a total loss of use of hands. Instead, it merely indicates that "* * * claimant's disability in this claim exceeds the normal handicap resulting from the injury on which the claim is based * * *." From this statement, the commission inferred that a total loss of use was present. Such an inference, however, is improper. The fact that an amputation of two or more fingers on each hand resulted in a vocational handicap which exceeded the norm does not indicate *per se* a loss of use of both hands to the same extent as if they had been amputated.

We agree with the dissenting opinion of appellate court Judge Bowman, who stated that "[u]nder R.C. 4123.57 (C), a finding of scheduled loss disability may be used as evidence of permanent total disability under R.C. 4123.58(C); however, an increased award for vocational impact for loss of fingers under R.C. 4123.57(C) does not *require* a finding that claimant has sustained the loss of use of both his hands under R.C. 4123.58(C)." (Emphasis added.)

Accordingly, the judgment of the court of appeals denying the writ of mandamus is hereby reversed, and a limited writ shall issue, directing the Industrial Commission to determine whether appellee's loss of fingers is the equivalent of actual or functional loss of use of appellee's hands. See *Szatkowski, supra,* at 321, 530 N.E. 2d at 881-882; *State, ex rel. Walker,* v. *Indus. Comm.* (1979), 58 Ohio St. 2d 402, 12 O.O. 3d 347, 390 N.E. 2d 1190; *State, ex rel. Gassmann,* v. *Indus. Comm.* (1975), 41 Ohio St. 2d 64, 70 O.O. 2d 157, 322 N.E. 2d 660.

_____

pellee may be found permanently and totally disabled under R.C. 4123.58(C). *Szatkowski, supra,* at 322, 530 N.E. 2d at 882.

*Judgment reversed and limited writ allowed.*

MOYER, C.J., LOCHER, HOLMES, WRIGHT and H. BROWN, JJ., concur.

SWEENEY and DOUGLAS, JJ., dissent.

DOUGLAS, J., dissenting. I respectfully dissent. I would affirm the judgment of the court of appeals in accordance with the well-reasoned opinion authored by McCormac, J., and rendered on November 17, 1987.

In addition, I think the majority opinion will set a bad precedent because it appears that this claimant, although suffering multiple injuries resulting in substantial disability, desired to return to work and did so, thereby jeopardizing the payments he was receiving for permanent total disability. When it again became impossible for him to continue employment, because of two separate back injuries and loss of his left index finger, left second finger, left third finger and the amputation of two thirds of the right index finger, total amputation of the third and fourth right fingers when his hands were caught under a rubber cutting blade, he again sought permanent total disability which had been previously awarded to him.

We now, in reversing the judgment of the court of appeals and the decision of the Industrial Commission, deny permanent disability benefits to claimant on the basis that he has not lost the total use of both hands. It would seem to me that this will send the message to claimants that they ought not try to return to work under any circumstances after they have once been allowed permanent total disability. Because I think this is bad law, bad public policy and an incorrect decision, I respectfully dissent.

SWEENEY, J., concurs in the foregoing dissenting opinion.