DECISION
{¶ 1} Relator, Russell S. Wainer, Sr. ("relator"), has filed an original action requesting a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission"), to vacate its order denying him permanent total disability ("PTD") compensation and to issue a new order granting said compensation.
 {¶ 2} This court referred the matter to a magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. (Attached as Appendix A.) On July 27, 2005, the magistrate rendered a decision including findings of fact and conclusions of law. Specifically, the magistrate found that not only was there no evidence that relator has lost use of both of his legs, but that relator had not applied for statutory PTD compensation pursuant to R.C. 4123.58(C). Therefore, the magistrate found R.C. 4123.58(C) irrelevant to the instant matter. The magistrate further found that the commission's order was supported by some evidence, to wit: the report of Dr. Watkins, which found that relator could perform sustained remunerative employment from his wheelchair and that there were several employment options available to him. Therefore, the magistrate recommended that the requested writ of mandamus be denied.
 {¶ 3} Relator has timely filed objections to the magistrate's decision. His objections stem from the magistrate's determination that relator could perform sedentary work even though confined to a wheelchair. The magistrate found that sedentary work, as defined in Ohio Adm. Code 4121-3-34, does not require a worker to stand and walk occasionally and that the definition permits sedentary work even if a claimant is confined to a wheelchair. Relator does not object to the finding of the magistrate that there was no evidence in the record that relator was statutorily permanently and totally disabled. Yet appellant argues that Ohio Adm. Code 4123.58(C) is applicable to this matter.
 {¶ 4} We find that the magistrate correctly determined that Ohio Adm. Code 4123.58(C) is irrelevant to this action. Furthermore, the magistrate correctly interpreted Ohio Adm. Code 4121-3-34 to permit some types of employment that do not require any walking or standing. Ohio Adm. Code4121-3-34(B)(2)(a) provides:
"Sedentary work" means exerting up to ten pounds of force occasionally (occasionally: activity or condition exists up to one-third of the time) and/or a negligible amount of force frequently (frequently: activity or condition exists from one-third to two-thirds of the time) to lift, carry, push, pull, or otherwise move objects. Sedentary work involves sitting most of the time, but may involve walking or standing for brief periods of time. Jobs are sedentary if walking and standing are required only occasionally and all other sedentary criteria are met.
(Emphasis added.)
 {¶ 5} In Dorrian v. Scioto Conserv. Dist. (1971), 27 Ohio St.2d 102, 56 O.O.2d 58, 271 N.E.2d 834, the Supreme Court of Ohio held:
In statutory construction, the word "may" shall be construed as permissive and the word "shall" shall be construed as mandatory unless there appears a clear and unequivocal legislative intent that they receive a construction other than their ordinary usage.
Id. at paragraph one of the syllabus. Therefore, to be found capable of performing sedentary work, a claimant is not required to be able to walk or stand for brief periods of time; rather sedentary work "may" but is not required to include such.
 {¶ 6} Following an independent review pursuant to Civ.R. 53, we find the magistrate has properly determined the pertinent facts and applied the salient law to them. We find no abuse of discretion by the commission, based on the record before us, in denying relator PTD compensation. Accordingly, we adopt the magistrate's findings of fact and conclusions of law as our own. In accordance with the magistrate's decision, the requested writ of mandamus is denied.
Objections overruled; writ of mandamus denied.
Petree and Travis, JJ., concur.
 (APPENDIX A) IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State ex rel. Russell S. Wainer, Sr., :
 Relator, :
v. : No. 05AP-86
The Industrial Commission of Ohio : (REGULAR CALENDAR)
and Stuart M. Bloch William Ingersoll, :
J.C. Associates, :
 Respondents. :
 MAGISTRATE'S DECISION Rendered on July 27, 2005 Livorno and Arnett Co., LPA, and John F. Livorno, for relator.
Jim Petro, Attorney General, and Charissa D. Payer, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 7} In this original action, relator, Russell S. Wainer, Sr., requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order denying him permanent total disability ("PTD") compensation and to enter an order granting said compensation.
Findings of Fact:
 {¶ 8} 1. Relator has two industrial claims. Claim number 93-301557 is allowed for: "sprain right foot plantar fibromatosis, plantar fascitis right foot." Claim number 94-316246 is allowed for: "sprain lumbar region; thoracic spine sprain, muscle spasms; bulging disc at L3-4 and L4-5; erosive gastritis, duodenitis; lumbosacral strain and sciatica; fibromyalgia (thoracic lumbar)."
 {¶ 9} 2. On May 30, 2003, relator filed an application for PTD compensation. In support, relator submitted a report dated December 3, 2002, from chiropractor Richard W. Merritt, D.C. Dr. Merritt's report states:
* * * Mr. Wainer is presently capable of safely performing sedentary daily activities which include lifting ten pounds maximum. Lifting or carrying small items. Walking and standing less than one third of the time. However, he is permanently and totally disabled because of his inability to perform any sustained remunerative employment. Mr. Wainer now requires a wheelchair as an assistive mobility device.
 {¶ 10} 3. On August 14, 2003, at the commission's request, relator was examined by Joan Watkins, D.O., who issued an eight page narrative report. Dr. Watkins also completed a physical strength rating ("PSR") form dated August 14, 2003.
 {¶ 11} 4. The PSR form asks the examining physician to indicate by checkmark whether "[t]his injured worker is capable of physical work activity as indicated below." (Emphasis omitted.) Dr. Watkins responded to this query with a checkmark.
 {¶ 12} Underneath this query, the PSR form lists the classifications of physical demands of work and their definitions, i.e., sedentary work, light work, medium work, heavy work, and very heavy work. Dr. Watkins did not place a checkmark by any of the work classifications listed. For example, there is no checkmark indicating that relator can perform sedentary work or light work, etc.
 {¶ 13} However, on the PSR form Dr. Watkins wrote: "I am not able to verify that [patient] is able to walk or stand for brief periods of time. [Patient] could work from a wheelchair."
 {¶ 14} 5. The commission also requested an employability assessment report from Caroline Wolfe, a vocational expert. Ms. Wolfe submitted a report dated October 8, 2003.
The Wolfe report responds to the following query:
Based on your separate consideration of reviewed medical and psychological opinions regarding functional limitations which arise from the allowed condition(s), identify (A) occupations which the claimant may reasonably be expected to perform, immediately and or (B) following appropriate academic remediation.
 {¶ 15} Indicating acceptance of Dr. Watkins' reports, and responding to the following query, Wolfe listed the following employment options: "Document preparer, microfilming[.] The following will require computer skills training: maintenance scheduler, collection clerk, hospital."
 {¶ 16} 6. Following a November 26, 2003 hearing, a staff hearing officer ("SHO") issued an order denying relator's PTD application. The SHO order states:
The Staff Hearing Officer finds that the preponderance of the evidence does not support a finding that the injured worker is incapable of sustained remunerative employment.
The IC-2 Application under consideration was filed in reliance upon the 12/02/2002 report of Richard W. Merritt, D.C. Dr. Merritt's report is unreliable for the reason that it is inherently contradictory. Dr. Merritt states that the injured worker is capable of working within a ten pound lifting restriction, standing and walking one third of the time and ". . . requires a wheelchair as an ASSISTIVE mobility device (emphasis added)." See pages 4 and 5 of his report. For reasoning to follow, the Staff Hearing Officer rules that Dr. Merritt's report is, if anything, a certification of the injured worker's employability rather than the reverse.
Dr. Merritt nowhere asserts that the injured worker has become paraplegic, and no paraplegic condition has ever been diagnosed or recognized in either of his files.
The Staff Hearing Officer rules that the injured worker is ineligible for a statutory award pursuant to R.C. 4123.58 (C) within the parameters of State ex rel. Gassmann v. Industrial Commission (1975), 41 Ohio State 2d 64, 70 Ohio Opinions 2d 157, and State ex rel. Randy Walker v.Industrial Commission (1979) 58 Ohio State 2d 402, 12 Ohio Opinions 3d 347, and that his reemployment potential disqualifies him for an award pursuant to RC 4123.58(B).
Reliance for the denial of the instant IC-2 Application is reposed in the 08/14/2003 report of Joan Watkins, D.O.
Dr. Watkins certified that the injured worker remains employable in marginally sedentary work, but that he could work seated in his wheelchair. The Staff Hearing Officer rules that that the same is compatable [sic] with sustained remunerative employment.
The Staff Hearing Officer rules that the injured worker's age and educational background render him capable of working from his wheelchair and of acquiring further skills to qualify him for such work.
The injured worker is 44 years of age, his Date of Birth 10/19/1959, he has a completed High School Education, and states that, while poor in mathematics, he is otherwise functionally literate. The Staff Hearing Officer is persuaded that he is capable of retraining for work even within his documented severe restrictions. He notes that Dr. Merritt himself urges that the injured worker correct his current 300 pound weight. The Staff Hearing Officer rules that his age and high school completion and or the injured worker susceptible to retraining and reemployment. [Sic.]
The Staff Hearing Officer makes this decision in further reliance uponState ex rel. Speelman v. Industrial Commission (1992) 73, O.App 3d 757,State ex rel. B.F. Goodrich v. Industrial Commission (1995), 73 O.S. 3d 525 State ex rel. DeZarn v. Industrial Commission (1996), 74 O.S. 3d 461, State ex rel. Bowling v. Industrial Commission (1996), 77 O.S. 3d 148, State ex rel. Wilson v. Industrial Commission (1997), 80 O.S. 3d 250, and State ex rel. Paraskevopoulos v. Industrial Commission (1998), 83 O.S. 3d 189, and adopts the reasoning of the cited cases at [sic] his own.
Commission Employability Assessor Caroline Wolfe, M.Ed., reviewed these files 10/08/2003 and nominated positions for which the injured worker could be expected to retrain.
The Staff Hearing Officer adopts them in addition to this own analysis of the injured worker's prospects for retraining if he exerts himself to avail himself of them.
The Staff Hearing Officer is factoring the injured worker's Social Security status out of this determination. Unfortunately, the examinations and vocational testing conducted by the Federal Agency have not been submitted for his consideration at today's hearing.
(Emphasis sic.)
 {¶ 17} 7. On January 27, 2005, relator, Russell S. Wainer, Sr., filed this mandamus action.
Conclusions of Law:
 {¶ 18} It is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below.
 {¶ 19} Even though relator did not apply for so-called statutory PTD under R.C. 4123.58(C), he nevertheless begins his argument by setting forth R.C. 4123.58(C) which states:
The loss or loss of use of both hands or both arms, or both feet or both legs, or both eyes, or of any two thereof, constitutes total and permanent disability, to be compensated according to this section. * * *
 {¶ 20} Pointing to the fact that Dr. Watkins found that he "could work from a wheelchair," relator suggests that the commission's reliance on Dr. Watkins' report compels a finding that he is permanently and totally disabled. According to relator:
* * * That is equivalent to the loss of use of his legs, if not by statute under OAC 4123.58(C) [sic], it should at least be recognized otherwise as permanently and totally disabled. No matter how the Respondent, Industrial Commission, defines permanent total disability it cannot deny the legislature's setting of the bar. If one cannot use his legs he is permanently and totally disabled.
(Relator's brief at 4; emphasis sic.)
 {¶ 21} R.C. 4123.58(C) is clearly irrelevant to this action. Again, relator did not apply for statutory PTD compensation under R.C. 4123.58(C). Moreover, Dr. Watkins' statement that relator "could work from a wheelchair," is not the equivalent of an opinion that relator has lost the use of both legs. In fact, Dr. Watkins specifically noted that she was not able to verify that relator "is able to walk or stand for brief periods of time." There is no evidence in the record before this court that relator is statutorily permanently and totally disabled based upon the loss of use of both legs.
 {¶ 22} It should be further observed that statutory PTD under R.C.4123.58(C) and regular PTD under R.C. 4123.58(A) differ in at least one critical respect. Under R.C. 4123.58(C), a statutory PTD claimant may return to work and continue to receive the compensation. State ex rel.Gould, Inc. v. Indus. Comm. (1988), 40 Ohio St.3d 323, 324. Under R.C.4123.58(A), the PTD claimant may not engage in sustained remunerative employment while receiving the compensation. State ex rel. Lawson v.Mondie Forge, 104 Ohio St.3d 39, 2004-Ohio-6086.
 {¶ 23} Contrary to what relator seems to suggest, by enacting R.C. 4123.58(C), the legislature did not somehow prescribe that a statutory PTD award precludes sustained remunerative employment.
 {¶ 24} In short, relator's argument here invoking R.C. 4123.58(C) lacks merit.
 {¶ 25} Relator next argues that being confined to a wheelchair is not compatible with a finding that he can perform sustained remunerative employment. Relator's argument is premised upon his misinterpretation of the definition of sedentary work. Ohio Adm. Code 4121-3-34(B)(2)(a) provides:
"Sedentary work" means exerting up to ten pounds of force occasionally (occasionally: activity or condition exists up to one-third of the time) and/or a negligible amount of force frequently (frequently: activity or condition exists from one-third to two-thirds of the time) to lift, carry, push, pull, or otherwise move objects. Sedentary work involves sitting most of the time, but may involve walking or standing for brief periods of time. Jobs are sedentary if walking and standing are required only occasionally and all other sedentary criteria are met.
 {¶ 26} According to relator, by definition, one must be able to walk and stand for brief periods of time in order to perform sedentary work. Relator is incorrect. The definition reads that "[s]edentary work involves sitting most of the time, but may involve walking or standing for brief periods of time." (Emphasis added.) Clearly, the definition permits some types of sedentary employment which do not require any walking or standing. In short, the definition permits sedentary work even of a claimant who is confined to wheelchair.
 {¶ 27} Accordingly, for all the above reasons, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.